127   347
f134   229

CHARLES T. OFFICER, Administrator of the Estate of Thomas
Officer, deceased, v. OFFICER & PUSEY, ET AL., De-
fendants; AMERICAN EXPRESS COMPANY, Intervener, v.
M. B. and MARY K. MUSSER, Appellants.

**Estates of decedents:** TRUST DEPOSIT: PREFERRED CLAIMS. An ex-
press company agreed to accept for travelers' checks in lieu
of cash a guaranty executed by the purchasers and others as
grantors, providing that they would reimburse the company for
all checks paid by it with interest and commission, and also
providing that draft be made direct on the grantors in pay-
ment of any check so drawn. The purchasers deposited with
the grantors cash and secured rates to the amount of the
checks purchased. Held that the money so deposited was in
trust and the purchasers were entitled to have it established
as a preferred claim against the estate of one of the grantors
and applied on a judgment recovered against them by the
express company.

*Appeal from Pottawattamie District Court.*—HON. A. B.
THORNELL, Judge.

WEDNESDAY, NOVEMBER 23, 1904.

THE appellants M. B. and Mary K. Musser are husband
and wife. In 1900, being about to go abroad, they applied
to Officer & Pusey for foreign exchange, who advised them
to purchase checks of the American Express Company, and
procured for them such checks to the amount of $1,800.
The express company agreed to accept for such checks in lieu
of cash their usual form of guaranty which was executed
by the appellants as purchasers and by Officer & Pusey as
guarantors. The provisions of the written contract, so far
as material to this case, are as follows: " Received of the
American Express Company its Travelers' cheques as follows
[giving the denomination and numbers of the cheques]
amounting to eighteen hundred dollars ($1,800) in consid-

eration whereof we hereby agree to reimburse the American Express Company on demand for any and all of such cheques · paid by the company or its agents, with interest thereon at the rate of five per cent. from the date same are paid, together with a commission of one-half of one per cent." The agreement also provided that in case of the loss or theft of any of the checks the company might take the usual steps to prevent payment thereof, the expense to be borne by the purchasers. At the foot of the contract there was a notation in the handwriting of Mr. Pusey as follows: " Please draw direct on Officer & Pusey in payment of any check above." At the time the contract was executed and the checks delivered, the appellants paid to Officer & Pusey $800 in cash, and gave them their note for $1,000, with collateral security therefor, the securities being assigned by an instrument drawn by Mr. Pusey, which recited that the assignment was made " to secure the payment of advances made and interest thereon by Officer and Pusey." In September, 1900, Mr. Officer died, and the plaintiff, as the administrator of his estate, soon thereafter brought an action against the firm of Officer & Pusey, asking that receivers be appointed to take charge of the estate. Receivers were appointed, who afterwards collected the note given by the appellants. The American Express Company intervened in the receivership proceedings, made the appellants parties, and asked judgment against them for $1,800, and for the establishment of a preferential claim against the receivers for said amount. The Mussers asked that the amount paid by them to the receivers and to Officer & Pusey be treated as a trust fund for the payment of the express company's claim. There was a judgment for the company against the Mussers for the amount due on the checks, and the amount paid by them to the receivers on their note was made a preferred claim in favor of the company. The Mussers alone appeal.—*Modified.*

*Flickinger Bros.,* for appellants.

*Saunders & Stewart,* for American Express Co.

*Harl & Tinley,* for receivers.

SHERWIN, J.—While there is evidence in the record tending to show that the travelers' checks issued by the express company were bought outright by the appellants either of the company, through Officer & Pusey, or directly of the latter as the owners thereof, the written agreement executed by the appellants as purchasers of the checks and by Officer & Pusey as guarantors thereof must be held to disclose the final agreement of the parties, and, considered in connection with the written assignment of the collaterals and the other evidence touching the transaction, there can be but little doubt as to its true character. By its express terms the purchasers were to reimburse the express company for all checks actually paid by it, with interest and commission, and Officer & Pusey became sureties for the performance of this agreement on the part of the Mussers. Under the contract nothing was then due the express company, nor would any sum of money become due it until it had paid some of the checks which it had issued thereunder. Officer & Pusey were not liable to the express company except as guarantors, and the Mussers owed them nothing at that time on account of the checks. But Officer & Pusey had requested the express company to draw directly upon them for the amount of any check paid, and it is very evident that the $800 deposited with Officer & Pusey at that time was a part of the security given to them for the amounts which might be advanced in the future. We think no other conclusion can be reached without wholly disregarding the written agreement and assignment and shutting our eyes to the apparent intention of all parties. If we are right in this conclusion, the money was deposited with Officer & Pusey to be applied to a particular

purpose, and was therefore a trust deposit, and can be recovered as such. *Officer v. Officer,* 120 Iowa, 389; *Brooke v. King,* 104 Iowa, 713; *Anderson v. Pacific Bank,* 112 Cal. 598 (44 Pac. Rep. 1063, 32 L. R. A. 479, 53 Am. St. Rep. 228); *Sherwood v. Bank,* 94 Mich. 78 (53 N. W. Rep. 923); *Frances v. Evans,* 69 Wis. 115 (33 N. W. Rep. 93). We hold, therefore, that the appellants are entitled to have the cash payment so made by them, with interest thereon, established as a preferred claim against the receivers, and that it shall be applied upon the judgment recovered by the express company against the appellants. As thus modified, the judgment will be affirmed.— *Modified* and *affirmed.*