AMERICAN EMPLOYERS INSURANCE CO. *v.* MAYNARD.

TOWNSHIP OF BRADY *v.* SAME.

1. TRUSTS—PUBLIC MONEY—PUBLIC OFFICERS.
   Township money in hands of township treasurer is impressed with trust.

2. SAME—MINGLING TRUST FUND—PRESUMPTIONS.
   Where township money in hands of its treasurer, constituting trust fund, was not kept in separate fund as required by law, but was mingled with other money in general fund, from which payments were made until balance therein was much less than amount of trust fund, court may not assume, in absence of proof, that said balance is trust money, although if balance had been maintained at amount equal to or greater than amount of trust fund, presumption would arise that trust money had been kept intact, on theory that treasurer is presumed to be honest and to have made payments from other than trust funds.

3. SAME—BALANCE IN GENERAL FUND NOT IMPRESSED WITH TRUST IN ABSENCE OF INTENTION TO KEEP TRUST FUND INTACT.
   Trust may not be impressed on balance in hands of administrator of insolvent township treasurer's estate as against general creditors, where trust money was mingled with general fund and payments made therefrom until balance therein was much less than trust fund, in view of testimony that there never was any intention of keeping trust fund intact.

Appeal from Saginaw; Browne (Clarence M.), J. Submitted June 12, 1929. (Docket Nos. 49 and 50, Calendar Nos. 33,861 and 33,845.) Decided September 4, 1929.

Separate bills by American Employers Insurance Company and Township of Brady, Saginaw County, Michigan, to impress a trust on certain funds in the

As to right in absence of statute to preference under trust theory, in respect to deposit of public funds in insolvent bank, see annotation in 51 A. L. R. 1340.

control of Ray T. Maynard, administrator of the estate of James R. Sackett, deceased. From decrees for defendant, plaintiff insurance company appeals. Affirmed.

*Humphrey, Grant & Henry,* for appellant.

*Crane & Crane,* for appellee.

McDONALD, J. Separate bills were filed by the American Employers Insurance Company and the township of Brady, Saginaw county, Michigan, to impress a trust on certain funds belonging to the estate of James R. Sackett, deceased. The causes were heard together and will be disposed of in one opinion.

James R. Sackett owned and conducted a private bank in the village of Oakley, Brady township, Saginaw county. In April, 1924, he was elected treasurer of the township. The American Employers Insurance Company became surety on his bonds. As he received the tax money, he did not place it in a separate fund but deposited it with the general cash of the bank, which was augmented and depleted from time to time during the course of his general banking business. He collected county and State money to the amount of $12,784.40. In January, 1925, he paid the county $7,000, leaving $5,784.40 due and unpaid at the time of his death on February 2, 1925. His estate was insolvent. The surety company paid this balance, and by proper assignment became subrogated to the rights and interests of the county. In its suit, it seeks to recover the amount so paid on the theory that it is a trust fund in the hands of the administrator of the Sackett estate. On the same theory, the township seeks to recover a balance of

$4,009.55 which it claims to be due for township taxes. On the hearing, the circuit judge found that the funds collected as taxes were charged with a trust but denied recovery on two grounds, first, because the funds could not be traced and identified, and, second, because the circuit court was without jurisdiction to determine the status of funds in the custody of the probate court. From the decree entered, the defendants have appealed.

There is no doubt that the public funds in the hands of the treasurer were impressed with a trust. The question is, Can the court find the funds so that the trust may be enforced against general creditors? In *Board of Water Com'rs* v. *Wilkinson,* 119 Mich. 655 (44 L. R. A. 493), it was said:

"Having reached the conclusion that the funds of the board in the hands of its treasurer constituted a trust fund, it remains to ascertain whether it can be collected from the receivers. This involves questions of law as well as fact. The theory upon which property is taken from a receiver, and paid to a beneficiary, is that the court is able to find in the hands of the receiver property, or its proceeds, which was held by the insolvent, not in his own absolute right, but charged with a trust. In such a case a court of equity will hold that it is not subject to the claims of other creditors. But when the fund received in trust has been dissipated, so that it cannot be traced into some other specific property or fund, the only remedy of the beneficiary is to share equally with other creditors."

In the instant case, Mr. Sackett did not place the tax money in a special fund to be drawn upon for the particular purpose to which it should have been devoted. He was under a legal obligation to keep it separate from other money in the bank. He did not do so, but mingled it with moneys received from

other sources and used it in his general banking business. Whether it was entirely paid out in the course of business, we have no means of knowing. Certain it is that a large part of it had been thus used, for when the administrator took charge of the estate there was a balance in the general cash account of but $2,365.32, whereas, the amount of tax money which should have been on hand was $9,793.95. In the absence of any proof on the question, we have no right to assume that the balance in the general cash fund was trust money. If such balance had been maintained at an amount equal to or greater than the amount of the trust fund, there would arise a presumption that the trust money had been kept intact. This presumption would be justified on the theory that a man is presumed to have acted honestly and to have paid out the cash received from other sources rather than that which was committed to him in trust. *Board of Water Com'rs, supra; Sherwood* v. *Savings Bank,* 103 Mich. 109; *Brady* v. *American National Bank,* 120 Okla. 159 (250 Pac. 1006).

In the instant case there can be no such presumption, for the teller of the bank testified, in substance, that there was never any intention to keep the trust fund intact; that it was deposited with the general cash and used in the same way as money received from other sources. On this record, we cannot find the fund and therefore cannot enforce the trust against the general creditors.

No other question requires discussion. A decree will be entered in each case in accordance with this opinion. The defendants will have costs.

NORTH, C. J., and FEAD, WIEST, CLARK, POTTER, and SHARPE, JJ., concurred. The late Justice FELLOWS took no part in this decision.