REICHERT *v.* MIDLAND COUNTY SAVINGS BANK.

*In re* GALLAGHER.

1. BANKS AND BANKING—INSOLVENCY—TRUSTS—PREFERRED CLAIM.
   Deposit in bank for purpose of furthering transaction between depositor and another becomes impressed with trust, entitling depositor to preference over general creditors where bank becomes insolvent.

2. SAME—ASSIGNMENTS—DRAFTS.
   Drafts drawn by bank but not presented before it suspended operations did not deplete its balance in drawee bank, because they did not constitute assignment of any part of it (2 Comp. Laws 1929, § 9376).

3. SAME—DEPOSIT IN SPECIFIC TRUST—NOT CONVERTIBLE INTO GENERAL DEPOSIT WITHOUT DEPOSITOR'S CONSENT.
   Bank having received deposit in specific trust for purpose of furthering transaction between depositor and another could not lawfully convert it into general one without consent of depositor.

4. SAME—DEPOSIT IN SPECIFIC TRUST PREFERRED CLAIM.
   Deposit received by bank in specific trust, which was identified and came intact into hands of bank's receiver, is preferred claim.

Appeal from Midland; Houghton (Samuel G.), J., presiding. Submitted April 22, 1931. (Docket No. 42, Calendar No. 35,566.) Decided June 1, 1931.

In receivership proceedings of the Midland County Savings Bank, a corporation, R. W. Gallagher, trustee, petitioned for the allowance of a preferred claim. Decree for claimant. Defendant appeals. Affirmed.

---

Trust or preference in respect of money placed in bank for purpose of transaction with third person where bank subsequently becomes insolvent, see annotation in 31 A. L. R. 472; 39 A. L. R. 930; 56 A. L. R. 386; 60 A. L. R. 336.

*Gilbert W. Hand* (*Clark & Henry,* of counsel), for appellant.,

*F. H. Dodds, Maurice F. Hanning,* and *Holliday, Grossman & McAfee,* for appellee.

FEAD, J. In March, 1929, J. C. Arthurs contracted to drill an oil well for Sias Oil Development Company, payment therefor to be made in five installments, as the work progressed. April 16th, claimant Gallagher, trustee, mailed defendant bank a $11,125 check, the proceeds to be held by the bank in escrow and to be paid Arthurs as installments became due under his contract. April 19th, the bank acknowledged receipt of the check and stated:

"The money is being placed in escrow in the form of five certificates of deposit from R. W. Gallagher, trustee, to J. C. Arthurs (as per contract), payable as follows," etc.

The bank held the certificates, and, on April 29th, sent two of them to Arthurs. They were not cashed because, on April 30th, defendant bank suspended operations and later a receiver was appointed for it.

It was conceded that, on receiving the check, the bank deposited it with its correspondent, First National Bank of Bay City, and had credit therefor; and that from April 16th to the closing of defendant bank the credit of the latter on the books of the former was always greater than the amount of the check. However, by reason of drafts written, but not presented, the books of defendant bank showed its credit at the First National Bank reduced below that amount on April 27th and 30th. The receiver took custody and control of the account and received an amount in excess of the Gallagher check, either by way of cash or credit on a note owing by defend-

ant bank to the First National Bank, charged by the latter to the account after the receiver was appointed.

The question is whether the deposit is a preferred claim against the receiver.

The general rule, as stated in 31 A. L. R. 473, is:

"It may be stated as a general rule that where a deposit is made in a bank with the distinct understanding that it is to be held by the bank for the purpose of furthering a transaction between the depositor and a third person, or where it is made under such circumstances as give rise to a necessary implication that it is made for such a purpose, the deposit becomes impressed with a trust which entitles the depositor to a preference over the general creditors of the bank where it becomes insolvent while holding the deposit."

See, also, 39 A. L. R. 930; 57 A. L. R. 386; 60 A. L. R. 336.

The drafts drawn by defendant bank, but not presented before it suspended operations, did not deplete its balance with the First National Bank below the amount of Gallagher's check, because they did not constitute assignment of any part of it. *Sunderlin* v. *Mecosta County Savings Bank,* 116 Mich. 281; 2 Comp. Laws 1929, § 9376.

As the fund deposited was traced, identified, and came intact into the hands of the receiver, it was a preferred claim, unless the parties intended it otherwise than in the nature of a special deposit or as a trust. *Board of Fire & Water Com'rs* v. *Wilkinson,* 119 Mich. 655 (44 L. R. A. 493); *Sherwood* v. *Central Mich. Savings Bank,* 103 Mich. 109; *Gillen* v. *Wakefield State Bank,* 246 Mich. 158; *American Employers Ins. Co.* v. *Maynard,* 247 Mich. 638; *Glerum* v. *Spencer,* 251 Mich. 163.

Appellant contends that the parties intended the deposit as general, not in trust, but as creating merely the relation of creditor and debtor, because (a) it was not technically an escrow, (b) the check was deposited in the correspondent bank subject to draft, and (c) defendant bank wrote negotiable certificates of deposit for it.

In calling the deposit an escrow, the parties were not speaking technically nor concerned with the niceties of legal terminology and distinctions. They were using a common word, as it is commonly employed by laymen in commercial transactions, to characterize the deposit as of a special nature in which the depositee was a stakeholder or trustee.

The parties to a special deposit in a bank ordinarily do not contemplate that the bank shall set aside specific currency to be held in its vault, but that it will collect outside checks in the usual manner through correspondents upon whose books they have credit. The practice here followed was usual, showed no intention on the part of the bank to change its agreement and convert the deposit into a general one; nor, having received it in specific trust, could it lawfully have so converted it without consent of the depositor.

The writing of the certificates of deposit was for convenience in bookkeeping. They were not issued as negotiable paper, as they were not delivered to the depositor. The fact that the bank informed Gallagher that the account was so handled did not evidence an intention to modify the contemporaneous specific agreement that the deposit was in trust; nor did it have such legal effect. *Hudspeth* v. *Union Trust & Savings Bank,* 196 Iowa, 706 (195 N. W. 378, 31 A. L. R. 466); *Shopert* v. *Indiana Nat. Bank,* 41 Ind. App. 474 (83 N. E. 515); *Ander-*

*son* v. *Pacific Bank*, 112 Cal. 598 (44 Pac. 1063, 32 L. R. A. 479, 53 Am. St. Rep. 228) ; *Woodhouse* v. *Crandall*, 197 Ill. 104 (64 N. E. 292, 58 L. R. A. 385) ; *Blummer* v. *Scandinavian American State Bank of Badger*, 169 Minn. 89 (210 N. W. 865) ; *State* v. *State Bank of Wahoo*, 42 Neb. 896 (61 N. W. 252).

Judgment that the claim is preferred is affirmed, with costs.

BUTZEL, C. J., and WIEST, CLARK, McDONALD, POTTER, SHARPE, and NORTH, JJ., concurred.