[Civ. No. 8945.  Second Appellate District, Division Two.—December 28, 1934.]

J. W. HORNE et al., Respondents, v. EDWARD RAINEY, Superintendent of Banks, etc., Appellant.

Sullivan, Roche, Johnson & Barry, Clock, McWhinney & Clock, John G. Clock and Merritt D. Jergins for Appellant.

Fred W. Heatherly for Respondents.

STEPHENS, P. J.—Plaintiffs maintained a commercial checking account with the Ocean Park branch of the Marine Bank of Santa Monica. On December 18, 1931, the bank was taken over by Edward Rainey, as Superintendent of Banks. Plaintiffs recovered judgment against defendant for $4,000, plus interest, payable as a preferred claim out of the bank's assets. Defendant appeals on the ground that plaintiffs are not entitled to have their claim paid on a trust or preferential basis.

Respondent Horne had been informed by the branch bank manager in December of 1928 that the latter had a loan made by one Isabella Brown, secured by a lien on certain premises on Montana Avenue in Santa Monica, and that the loan, bearing eight per cent interest, was a suitable investment for Horne. The latter looked at and approved the property and agreed to purchase the loan. He then drew a check on his account in the bank payable to the latter, dated December 3, 1928, and delivered it to the bank, and it was charged to his account December 11, 1928. Respondent believed he was purchasing the Brown loan and did not inspect the documents relating to the transaction, merely leaving them with the branch for collection as payments became due. Instead of the transaction agreed upon, the bank transferred the money thus charged to respondent's account to the credit of one Heinickle, and received from him a note executed by said Isabella Brown on which a balance of $4,000 remained unpaid and which was secured by a collateral pledge of a note payable to said Brown secured by a trust deed on certain real property in San Diego County. This note and security just described was held by the bank for benefit of respondents as a collection account. Heinickle meanwhile drew out the funds thus credited to him. In the latter part of 1930 Horne learned for the first time what the bank had done in this regard. He refused to accept the note and security and demanded an adjustment of the matter, which was never made.

The trial court found that "plaintiffs deposited with the said bank the sum of $4000" in escrow under conditions as contained in the agreement above set out. It is conceded that there were no written escrow instructions and that respondent Horne, other than with respect to the specific

terms of the oral agreement above outlined, "just trusted the bank".

■ When the bank charged the account of respondents with the amount of the check and marked the check canceled, the sum thus withdrawn from respondents' account became impressed with a trust which remained in the hands of the bank in that condition, being in effect a special, as distinguished from a general deposit. Not being applied to the purpose for which it was placed in the hands of the bank, it equitably belonged to respondents and not to the bank, and the former had the right to trace and reclaim their property. (*Bank of America Nat. Trust & Sav. Assn.* v. *California Sav. & Commercial Bank,* 218 Cal. 261 [22 Pac. (2d) 704].) ■ It was not necessary for respondents "to enact the idle and useless ceremony of receiving the money on their check and immediately passing it back to the bank in order to have impressed the fund with a trust". (*People* v. *California etc. Trust Co.,* 23 Cal. App. 199, at p. 209 [137 Pac. 1111, 1115].)

■ Judgment for interest at eight per cent was allowed from date of deposit, which was fixed as December 3, 1928, although the findings showed that respondents had already received interest on their money up to March 11, 1930. The allowance of interest was improperly made and must be excluded from the judgment. (*Anderson* v. *Pacific Bank,* 112 Cal. 598 [44 Pac. 1063, 53 Am. St. Rep. 228, 32 L. R. A. 479]; *Bank of America* v. *California Bank, supra.*)

The judgment is reduced to $4,000, and as so modified it is affirmed. Costs are assessed against respondent.

Crail, J., and Willis, J., *pro tem.,* concurred.

A petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on February 25, 1935.