[Civ. No. 7461. Fourth Dist. June 7, 1965.]

WESTERN SPECIALTY COMPANY, Plaintiff and Respondent, v. THE UNITED STATES OF AMERICA, Defendant and Appellant.

Francis C. Whelan and Manuel L. Real, United States Attorneys, Loyal E. Keir, Richard G. Sherman and Charles H. Magnuson, Assistant United States Attorneys, for Defendant and Appellant.

Allan Lame for Plaintiff and Respondent.

BROWN (Gerald), P. J.—The plaintiff, Western Specialty Company (Western) seeks by an action for declaratory relief to establish its right to certain funds claimed by the appellant, United States of America, to be subject to federal tax liens.

The controversy arises out of a series of transactions relating to two phases of a construction project. In February and March, 1959, Kearny Villa Construction Company

(Kearny), the prime contractor, entered into contracts with Copper Products Plumbing Company (Copper) for the installation of plumbing in the project. The two contracts totaled $241,800. Copper purchased its supplies from Western. On March 14, 1959, Copper assigned to Western $122,434 of the money due or to become due from Kearny. Kearny acknowledged the assignment, paying the amount of the assignment in installments by joint checks to Copper and Western. At this time Western had supplied materials worth $9,697 to the Kearny project and Copper was indebted to Western for approximately $120,000 in materials on other projects. Western completed the supply of materials totalling $72,932 to Copper for the Kearny project on October 29, 1959. The projects were completed in January 1960.

In October and December 1959, and in May 1960, the United States of America assessed withholding taxes and penalties against Copper. Tax liens were filed in January, February and June 1960, totalling $20,350.69.

In preparation for the sale of the properties title insurance was sought. Kearny deposited funds with the title insurance company to indemnify it against lien claims for plumbing work or materials. The funds were deposited in March 1960. The remainder of these funds is the focus of this dispute.

In March 1960, Western filed two actions against Kearny, Copper and others seeking to foreclose materialmen liens on the project. A similar suit was filed by Drake Steel Company in February 1960. About two weeks after Western's actions were filed, Copper filed suits against Kearny and the landowner to foreclose mechanics liens. The United States of America was not a party to these actions.

The claim of Drake Steel Company was recognized and paid out of the indemnity funds. Western prevailed in its actions, and Copper suffered adverse judgments in each of its suits. In exchange for a release of Western's liens and a satisfaction of judgment, Kearny quitclaimed the balance of the funds on deposit with the title company to Western. The United States of America claims Copper had an interest in the funds deposited and its tax liens attached to this interest. Western filed this action against the United States of America and the title company seeking to establish its right to the funds. By stipulation the title company deposited the funds in a savings and loan association subject to the further order of the court, and it was then dismissed as a defendant. Judgment favored Western.

The authorities cited by appellant do not support its contention that Copper had an interest in the funds. *United States* v. *Pioneer American Ins. Co.*, 374 U.S. 84 [83 S.Ct. 1651, 10 L.Ed.2d 770] deals with the priority of liens in a situation where the government's lien clearly attached to the subject property. *United States* v. *Hubbell*, 323 F.2d 197 held a tax lien could attach to a chose in action (a cause of action for economic duress), and having attached to the chose before its partial assignment the assignee took subject to the lien. The statutes cited, 26 U.S.C. §§ 6321 and 6322, deal generally with the right of the government to a lien for unpaid taxes and the period of the lien. None of these authorities sheds light on the basic issue, i.e. whether the taxpayer in the instant case, Copper, had *any* interest in the indemnity funds to which the tax liens could attach.

Appellant concedes the funds were deposited to indemnify the title company from liability for any lien claims for plumbing work or materials. Kearny had no duty to indemnify the title company, at least until its liability was established. (*Alberts* v. *American Casualty Co.*, 88 Cal.App.2d 891, 899 [200 P.2d 37].) In the actions filed by Copper it was determined Copper had no lien claim against the property, and the United States of America has never sought to establish any. Thus, even if it were assumed the indemnity agreement between Kearny and the title company was intended to inure to the benefit of third parties, neither Copper nor the United States of America has brought itself within the class intended to be benefited.

The funds deposited to secure the performance of the indemnity agreement constituted a pledge. (Civ. Code, § 2986.) The pledged funds remained the legal property of Kearny. (*Anderson* v. *Pacific Bank*, 112 Cal. 598 [44 P. 1063, 53 Am. St.Rep. 228, 32 L.R.A. 479].) When Kearny quitclaimed its interest in the funds in consideration of Western's release of liens and satisfaction of judgment it was doing precisely what it had agreed to do—indemnify the title company against lien claims.

Judgment affirmed.

Coughlin, J., and Finley, J., pro tem.,* concurred.

A petition for a rehearing was denied June 24, 1965.

---

*Retired judge of the superior court sitting under assignment by the Chairman of the Judicial Council.