# JANUARY TERM, 1884.

### PRESENT:

HON. ALBERT H. HORTON, CHIEF JUSTICE.
HON. DANIEL M. VALENTINE, ⎫ ASSOCIATE JUSTICES.
HON. DAVID J. BREWER, ⎬

JOSEPH T. ELLICOTT, *Assigeee, &c.*, v. J. H. BARNES.

1. TRUST FUND, *Right to Reclaim.* On September 30, 1881, B. executed a note to the bank for $500, payable six months after date and drawing interest after maturity. On December 21, 1881, he delivered to the cashier of the bank the amount of the note with the express purpose that the said sum should be used to pay the note, and at said time the cashier informed him that the bank did not have the note, but would get it from Kansas City and return it to him. The bank failed to pay the note, or any part thereof, and afterward assigned all of its property and effects to an assignee in trust for its creditors. The holder and owner of the note obtained judgment thereon against B. *Held,* That B. has the right to follow and reclaim the fund from the assignee, as the money delivered to the cashier is a trust fund, and not assets of the bank. (*Peak v. Ellicott*, 30 Kas. 156.)

2. RECEIPT, *Evidence Aliunde to Explain.* Where a person delivers money to the cashier of a bank for the express purpose of paying a note, and receives from the cashier an ordinary memorandum or receipt stating the sum he has deposited, such memorandum or receipt is open to explanation by evidence *aliunde*.

*Error from Riley District Court.*

SEPTEMBER 12, 1883, the district court ordered that the defendant *Ellicott*, as assignee of the Riley County Bank of Manhattan, pay to plaintiff *Barnes*, out of the first money received by him of the assets of said bank, the sum of $559.13, with interest from the date aforesaid, and also adjudged that plaintiff recover his costs herein. The defendant brings the foregoing order and judgment to this court. The opinion states the facts.

*Spilman & Brown,* for plaintiff in error.

*Green & Hessin,* for defendant in error.

The opinion of the court was delivered by

HORTON, C. J.: This was an action brought by J. H.
Barnes, to charge the assets of the Riley County Bank of Man-
hattan, in this state, in the hands of Joseph T. Ellicott, its
assignee, with a trust in his favor for the sum of $500, which
he delivered to J. K. Winchip, as cashier of the bank, on
December 21, 1881, for the purpose, as he alleges, of paying
a note executed to the bank prior to that date, but at the time
owned and held by the Harrison National Bank of Cadiz,
Ohio.   He obtained a judgment in his favor, which the plain-
tiff in error claims is erroneous.

The material facts in the case do not differ from those in
*Peak v. Ellicott,* 30 Kas. 156, with the exception that in the
latter case the maker of the note had satisfied the note held
by the Harrison National Bank prior to instituting his ac-
tion against the cashier, while in this case the Harrison
National Bank has obtained judgment for the amount due
on the note, but the judgment has not been paid and is wholly
unsatisfied.   This difference, however, does not change the
law applicable to the cases.   "If the money was not applied
by the bank of which Winchip was the cashier, to the satis-
faction of the note, according to the understanding of the
parties, it should have been returned to the plaintiff below."
The Harrison National Bank does not claim the money de-
posited, has made no demand for it, and has not agreed to
accept it from the bank or its assignee. (*Peak v. Ellicott,* su-
pra.)

It is next contended that the court erred in permitting the
introduction of a conversation between Barnes and the
cashier, who died subsequently, and before the trial.   Counsel
suggest that —

"If the acts of the cashier are the acts of the bank, and if
what he says are the words of the bank, then to all intents

and purposes the cashier is the bank.   If this be true, when the cashier is dead the bank is a deceased person, within the meaning of the statute, § 322 of the code."

This argument is neither plausible nor sound.   The cashier is the executive officer or agent of the financial department of the bank, and in all the duties imposed upon him by law or usage, as such cashier he acts for the bank and speaks for the bank; but if he dies the bank does not die, and § 322 has no application whatever.   The Riley County Bank is not a deceased person within the meaning of the statute; neither was the adverse party in the case the executor, administrator, heir-at-law, next of kin, surviving partner or assignee of any deceased person.

It is also contended that the court erred in rendering judgment, because it did not appear that the money delivered to the cashier was credited upon the books of the bank.   The money was delivered to the cashier of the bank, at the bank, and as an officer of the bank such cashier properly received it on behalf of the bank, and then handed back the ordinary memorandum, stating what sum had been received or deposited.   There is no evidence that the money has been lost or embezzled, and the bank must be holden liable therefor, notwithstanding the evidence of the assignee that the books of the bank show no entry of the deposit of the money. The cashier may have omitted to enter the same on the books of the bank, but such omission cannot prejudice the rights of anyone interested.

It is finally insisted that Barnes was an ordinary depositor in the bank, and not entitled to any more than an ordinary depositor's rights, because concluded by the memorandum or receipt he accepted from the cashier.   This memorandum, or receipt, was signed by Winchip, as cashier, was dated the day of the delivery of the money, and credited Barnes with $500.   It did not set forth, however, that the money was to be applied solely in the payment of the note executed to the bank.   Barnes, however, testified that when he delivered the money to the cashier he did so for the express purpose of

paying the note; that the cashier then told him that the bank did not have the note, but would get it from Kansas City and return it to him. This memorandum or receipt was open to explanation by evidence *aliunde;* therefore the admission of evidence stating the purpose of the deposit, and the agreement of the cashier as to the use of the money, was not improper, and Barnes was not concluded by the character of the receipt he took from impressing the money he paid to the cashier with the trust. (Morse on Banks and Banking, 58, 59; *Bridge Co. v. Murphy,* 13 Kas. 40; *Stout v. Hyatt,* 13 id. 233.)

The judgment of the district court will be affirmed.

All the Justices concurring.