## Mrs. M. Sears, Appellant, v. C. C. Emerson & Company et al., Appellees.

### Gen. No. 5,753. (Not to be reported in full.)

Appeal from the Circuit Court of Putman county; the Hon. THEODORE N. GREEN, Judge, presiding. Heard in this court at the April term, 1913. Affirmed. Opinion filed August 2, 1913. Rehearing denied October 9, 1913.

### Statement of the Case.

Attachment proceeding by Mrs. M. Sears against C. C. Emerson & Company and others. From a judgment finding a certain fund to be the property of the

American National Bank, which filed an interpleader, plaintiff appeals.

J. L. Murphy, for appellant.

George W. Hunt, for appellees.

Mr. Presiding Justice Whitney delivered the opinion of the court.

### Abstract of the Decision.

1. Interpleader, § 2*—*when bill will lie.* Where various proceedings were had in an attachment suit and on the garnishment branch thereof, before the filing of an interpleader, but final judgment had not been rendered for the attaching creditor or against the garnishee, the interpleader was filed in apt time, and a motion to strike from the files was properly denied.

2. Interpleader, § 15*—*what is effect of demurrer.* The filing of a demurrer to an interpleader is a waiver of a claim that such interpleader was interposed too late.

3. Appeal and error, § 1680*—*when objection to pleading is waived.* Where a demurrer to an interpleader is overruled and the party demurring goes to trial on the issues made, such action is a waiver of a claim that the court erred in overruling the demurrer.

4. Banks and banking, § 82*—*what is effect of deposit.* Where a bill of lading and draft are deposited with a bank in the usual course of business instead of being deposited for collection, and there is no proof of fraud, it will be presumed that such deposit was like any other deposit, being subject to check, wherefore the bank had title to the money involved.

5. Instructions, § 181*—*when instruction must be written.* Whether an instruction to find for a claimant to a fund is verbal or written is immaterial when such claimant is clearly entitled to the fund.

*See Illinois Notes Digest, Vols. XI to XIV, same topic and section number.