CALHOUN *v.* SHARKEY.

Opinion delivered November 8, 1915.

BILLS AND NOTES—ASSIGNMENT—PURCHASE MONEY NOTE—PAYMENT TO PAYEE—DEED.—S. executed a note to a trust company under a contract whereby she was to receive a deed to certain land upon payment of the note and interest. Before maturity the trust company transferred the note to one C.; S. then paid the amount of the note and interest to the trust company who accepted the same, giving S. a deed to the property, but did not pay over all of the money collected to C. Thereafter the trust company failed. *Held* C. could recover the amount due to him on the note from S., and was entitled to a lien on the property deeded to S. by the trust company for the unpaid balance.

Appeal from Miller Chancery Court; *James D. Shaver,* Chancellor; reversed.

*Gustavus G. Pope,* for appellant.

1. The facts of this case are identical with those in 118 Ark. 316. The Trust Company was not the agent of appellant to collect the payments on the notes. It was the agent of appellee, Sharkey. 64 Ark. 119; 111 *Id.* 263; 141 S. W. 205; 102 Ark. 427; 109 *Id.* 107; 111 *Id.* 263; 55 *Id.* 347; 89 *Id.* 435; 105 *Id.* 152; 75 *Id.* 170; 105 *Id.* 446.

2. This was a purchase money note for land and should have been declared a lien on the land. 115 Ark. 316; 31 Ark. 140; 35 *Id.* 62; 14 *Id.* 628; 27 *Id.* 63; 31 *Id.* 240; 100 *Id.* 543. The special warranty deed could not affect the rights of appellant. 95 Ark. 582; 108 *Id.* 270; 114 S. W. 159; 143 *Id.* 961; 113 Ark. 54; 39 Cyc. 1812.

3. The deed was not entitled to record as it was not acknowledged before an officer. 107 Ark. 272; 105 *Id.* 241; 41 *Id.* 191; Kirby's Digest § § 521, 743; 113 Ark. 36.

4. A homestead is not exempt from a purchase money lien. 69 Ark. 123; 62 *Id.* 398; 66 *Id.* 442; *Ib.* 367.

*J. D. Cook,* for appellee.

1. The Trust Company was the agent of appellant to accept payment of the note. 8 S. D. 596; 67 N. W. 687; 75 Cal. 159; 16 Pac. 762; 7 Am. St. Rep. 138; 1 Daniel Neg. Inst. (3 ed.) par. 830; 30 Fed. 588; 68 Vt. 249; 35 Atl. 57; 52 Ala. 420.

2. The note was not a lien on the land after the deed was made by the Trust Company. The contract was never assigned to him. Appellee had the right to purchase the record title and rely on it. She had no notice and was an innocent purchaser.

3. The payments by appellee were a special deposit. The money is a trust fund and yet in the receiver's hands, and if properly disposed of, leaves no issue between appellant and appellee. 104 Ark. 558; 97 *Id.* 374; 5 Cyc. 514, 515; 3 A. & E. 822; 32 L. R. A. 497; 99 Ark. 553; 157 Fed. 49.

SMITH, J. Appellant brought suit to enforce payment of a note for $250 dated May 1, 1908, and payable to the order of the Texarkana Trust Company, and given in payment of the balance due on a contract of purchase of a certain five acre tract of land. The note recited the purpose of its execution and was due one year after date. Appellant purchased the note for value on May 26, 1908. The consideration for the note was a contract on the part of the trust company to convey said tract of land upon payment of this purchase money. Interest on this note was paid regularly through the trust company with money deposited by Eliza Sharkey. This deposit had accumulated until it exceeded the balance due on the note. This deposit was kept in the name of Eliza Sharkey, but was marked on the ledger of the bank as ''Ours now.''

Appellee Eliza Sharkey testified that she knew nothing of appellant's purchase of the note until January, 1914, at which time the trust company had failed and had been placed in the hands of a receiver. She further

testified that she paid the balance due on her note and received a deed from the trust company on March 6, 1911. Appellant, however, testified that he wrote appellee on April 27, 1911, about the interest on her note and that the interest was thereafter paid by the bank on May 2, 1911, and further interest was paid by the bank on May 2, 1912, and on May 2, 1913.

Appellant prayed judgment for the amount of the note and interest and that a lien be declared against the land and the same be ordered sold in satisfaction of said debt. In opposition to this demand it was insisted that the trust company was the agent of appellant in the receipt of the deposits of the appellee Eliza Sharkey and that these deposits amounted to a payment to appellant's agent and thereby discharged the debt. It is further contended that these deposits by appellee Eliza Sharkey constituted a special deposit, and not a general deposit, and that appellant should be required to look to this special deposit for his debt, it being shown that the trust company had more than a thousand dollars in cash in its vaults when it closed its doors.

It appears from this general statement of the issues of the case that it is very similar to the case of *Calhoun* v. *Ainsworth, et al.,* 118 Ark. 316, 176 S. W. 316, and a comparison of the two cases discloses the fact that in all essential respects the cases are identical. Indeed, the record in this case was read by consent as a part of the proof in the former case. No useful purpose can, therefore, be subserved by a detailed statement of the evidence in this case, nor by a discussion of the law applicable to those facts, as the opinion in the former case reviews the authorities on the question of law here involved, and declared the law applicable to those facts.

The court below rendered judgment in favor of appellant for the amount of the note, but refused to declare a lien upon the land, and both sides have appealed from that decree.

We think the evidence sufficient to have supported a finding that the deposits made by Eliza Sharkey were in the nature of special deposits, as it was understood between her and the trust company that these deposits were being made as payments upon the note payable to the order of the trust company and which she thought was still owned by the trust company. It was not her purpose to become a general depositor of the bank, nor was the money placed there as a general deposit, but as a special deposit to be applied to the payment of the note. *Covey* v. *Cannon,* 104 Ark. 558; *Warren* v. *Nix,* 97 Ark. 374; *Powell* v. *Mo. & Ark. Land & Mining Co.,* 99 Ark. 553; *Hill* v. *Miles,* 83 Ark. 488.

But the chancellor made no finding on this question, and it is unnecessary for us to do so, for if it be conceded that this was a special deposit, it does not follow that appellant must look to it for the satisfaction of his note, nor is it necessary for us to decide whether he could do so or not. We do not think the proof sufficient to show that appellant had constituted the bank as his agent to receive these deposits, and this being true he had the right to elect to pursue the remedy he has adopted of suing on the note. Unlike the Ainsworth case, *supra,* this note was purchased before its maturity, and the deposits of Eliza Sharkey equalled the balance due on the note. But this circumstance is immaterial upon a consideration of the questions of law here involved. As was said in the case of *Calhoun* v. *Ainsworth, supra,* "a payment to the original payee of a note who had no authority from the transferee to accept payment and did not have possession of the note is no defense against a transferee, though he acquired the note after maturity." It was further said in the Ainsworth case, *supra,* that the transferee of a note given for the purchase price of land is entitled to subrogation to the lien of the original vendor against the land, and that principle must be applied here. It is true that the Texarkana Trust Company had already executed to appellee a warranty deed for the land in controversy, but the trust company had no authority

to execute this deed until the purchase money was paid, and the effect of our holding here is that the deposits made by Eliza Sharkey were not payments on this purchase money note, and it follows, therefore, that notwithstanding the deed to her she takes the title to the land subject to appellant's right to have a lien declared against it for this balance of unpaid purchase money.

The decree of the court below will, therefore, be reversed and the cause remanded with directions to the court below to enter a decree in accordance with this opinion.