PONTIUS, SUPT. OF BANKS, *v.* SEARS, ROEBUCK & CO.

*Banks and banking—Deposit for specific purpose a trust fund—Character not destroyed by mingling with general deposits—Receivership—Priority of claim of cestui que trust.*

1. Money deposited in a bank by a party, to be applied by the bank in payment of a specific indebtedness of the depositor to a third party upon the happening of a certain condition, creates a trust fund, and the bank as trustee is required to retain the fund in trust for the discharge of such indebtedness.

2. The mingling by the bank of such a deposit with the money received from general deposits does not destroy the trust character of the money so received, and the *cestui que trust*, upon the happening of the condition, can recover the amount of the trust fund from the bank.

3. If before the discharge of such trust obligation by the bank a receiver is appointed for the bank on account of its insolvency, the receiver takes the deposit of such bank charged with such trust, and must allow and pay the claim prior to the claim of general creditors, provided that there was in the general deposits of the bank from the date of the trust deposit to the date the receiver was appointed a sum of money equal to the trust fund.

(Decided March 3, 1922.)

ERROR: Court of Appeals for Mahoning county.

*Mr. Ray Martin* and *Mr. John G. Price*, for plaintiff in error.

*Messrs. McKain & Ohl*, for defendant in error.

POLLOCK, J.   This is an action in error to reverse the judgment of the court of common pleas of Mahoning county, in an action wherein the defendant in error was plaintiff and the plaintiff in

error was defendant. The Struthers Savings & Banking Company is a corporation organized under the banking laws of this state, and for a number of years prior to the third of April, 1920, was doing a general banking business at Struthers, Mahoning county.

Some time prior to the 23d day of December, 1919, James A. Stewart, of Poland, Mahoning county, entered into an agreement with Sears, Roebuck & Company, of Chicago, for the purchase of certain building material. In pursuance of that agreement, on the 23d day of December, Mr. Stewart drew his check on The Struthers Savings & Banking Company for $1,201.87, being the purchase price of this building material, and deposited the money represented by this check in that bank, for the purpose of paying for this building material. At his request, Bruce R. Campbell, the treasurer of the banking company, issued to him the following letter of deposit:

"LETTER OF DEPOSIT.

"*December 23, 1919.*

"Post Office, Struthers, State of Ohio.

"SEARS, ROEBUCK & COMPANY, *Chicago, Ill.*

"GENTLEMEN:—James A. Stewart has deposited with us the sum of $1,201.87 subject to your order, same to be paid to you upon delivery of the building material ordered of you, with the understanding that the goods must conform with your specifications and meet with depositor's approval. The material is to be inspected immediately upon its receipt, and, if satisfactory, accepted by the depositor, who will then notify us to send you the money.

"Very truly,

"STRUTHERS SAVINGS & BANKING COMPANY,

"*Bruce R. Campbell, Treas.*"

This letter was handed by the banking company to Mr. Stewart, who forwarded it to Sears, Roebuck & Company, in Chicago. After that the building material was delivered by Sears, Roebuck & Company to Stewart, under the contract as heretofore stated, and it was approved and accepted by him.

On the 3d of April, 1920, this banking company's bank was closed by order of the superintendent of banks, Ira R. Pontius, for the reason that it was hopelessly insolvent, and, afterwards, about the 10th of that month, a receiver was appointed to wind up the affairs of the bank. Some time after the receiver was appointed Stewart notified him to forward $1,201.87 to Sears, Roebuck & Company, at Chicago, in pursuance of the letter of December 23d. This was not done by the receiver. Afterwards the receiver found in the files of the bank a certificate of deposit, which is defendant's exhibit 1. The following is a copy:

"THE STRUTHERS SAVINGS & BANKING COMPANY. 56-1170.

"CERTIFICATE OF DEPOSIT

"Not subject to check.

"*Struthers, Ohio, December 23, 1919.*

No. 4555.

"James A. Stewart——— has deposited in this bank S. S. & B. Co. $1,201 and 87c—(1201.87) Dollars payable to the order of Sears, Roebuck & Co.— on the return of this certificate properly endorsed.

"BRUCE R. CAMPBELL,

"*Treasurer.*

"Account transferred to liability statement for dividend participation.

"L. G. TATMAN, *Deputy.*

"*May 12, 1920.*"

Some time after the finding of this certificate the receiver forwarded it, together with a blank proof of claim, to Sears, Roebuck & Company, of Chicago. The receipt of this certificate was the first knowledge that either Sears, Roebuck & Company or Stewart had that the bank had issued a certificate of deposit for the money deposited by Stewart under the arrangement stated in this letter of deposit.

Proof of claim was made by Sears, Roebuck & Company and forwarded to the receiver of the Struthers Banking Company, and afterwards a further claim was forwarded asking that this claim be allowed and paid as a preferred claim out of the assets of the banking company. The claim was allowed by the state banking authorities as a general claim against the assets of the bank, but was refused as a preferred claim.

From the time Stewart made the deposit in the bank until the closing of the bank on the third of April, 1920, there was, continuously, in the bank, cash in excess of the amount of this deposit.

The only controversy between the parties in this action is whether the claim of plaintiff below shall be preferred over that of the general creditors.

The only contract or arrangement that Stewart, or Sears, Roebuck & Company, had in regard to this money with the banking company is embodied in what is denominated a letter of deposit, a copy of which is above set out. Neither Stewart nor Sears, Roebuck & Company is bound by the certificate of deposit heretofore referred to. The issuing of this certificate was wholly unknown to either of them and was a mere matter of bookkeeping adopted by the bank for its own convenience.

"All deposits made with bankers may be divided into two classes, namely, those in which the bank

becomes bailee of the depositor, the title to the thing deposited remaining with the latter; and that other kind of deposit of money peculiar to banking business, in which the depositor, for his own convenience, parts with the title to his money, and loans it to the banker; and the latter, in consideration of the loan of the money and the right to use it for his own profit, agrees to refund the same amount, or any part thereof, on demand." *Marine Bank* v. *Fulton Bank,* 69 U. S., 252, at 256.

The first class of deposits is frequently divided again into special deposits and specific deposits or deposits for a specific purpose.

The supreme court of Iowa in the case of *Officer, Admr.,* v. *Officer,* 120 Ia., 389, 94 N. W. Rep., 947, defines these deposits as follows:

"A special deposit is created where the money is left for safekeeping and return of the identical thing to the depositor. And a specific deposit exists when money or property is given to a bank for some specific and particular purpose, as a note for collection, money to pay a particular note, or property for some specific purpose. *People* v. *Bank,* 96 N. Y., 33; *Brahm* v. *Adkins,* 77 Ill., 263; *Peak* v. *Ellicott,* 30 Kan., 156 (1 Pac. Rep., 499, 46 Am. Rep., 90); *German Bank* v. *Foreman,* 138 Pa., 474 (21 Atl., 20, 21 Am. St. Rep., 908)."

This definition is recognized in 1 Morse on Banks and Banking (5 ed.), Sections 183 and 185, and also in 7 Corpus Juris, 630.

The money in dispute was deposited with the banking company for the specific purpose of paying for the building material which Sears, Roebuck & Company had contracted to sell and deliver to James A. Stewart at Struthers or Poland.

The money, upon its deposit in the bank, became a trust fund to be held by the bank, in trust, until the building material was received and accepted by Stewart, when the bank was required to discharge the trust by paying the sum of money deposited to Sears, Roebuck & Company.

In *Shopert* v. *Indiana National Bank*, 41 Ind. App., 474, 83 N. E. Rep., 515, a depositor deposited money in a bank under an agreement that the bank should pay it to a third person, provided a machine he had sold to the depositor complied with the warranty after 10 days' trial. At the time the deposit was made the depositor drew out his balance on deposit, and placed it with the special fund, receiving a certificate of deposit expressing the terms of deposit. In that case the supreme court of Indiana held the deposit was a specific sum for a specific purpose, the payee determinable after the lapse of a specific time and the happening of a specific contingency.

In *Woodhouse, Admx.*, v. *Crandall, Receiver*, 197 Ill., 104, 64 N. E. Rep., 292, a tenant made a deposit in a bank on condition that it was to be held by the bank as security to the landlord for the faithful performance of the lease. The court held:

"This deposit was for a specific purpose, for the benefit and security of a third person (Charles F. Woodhouse) and it created a trust relation in his favor. The banking firm assumed the position of a trustee, and the money deposited constituted a trust fund, which the bank was bound to keep intact for the purpose of the trust. The obligation of the bank was to preserve the sum of $1,500 as a trust fund for the person mentioned in the receipt and to apply it to the purposes therein specified,

and the title to such trust fund did not pass to the bank as a part of the general funds of the firm."

It was not the purpose of Stewart, in making this deposit, or the Sears, Roebuck Company, in accepting the letter of credit issued by the bank, "to become a general depositor of the bank, nor was the money placed there as a general deposit, but as a specific deposit to be applied to the payment" of the purchase price of the building material. *Calhoun* v. *Sharkey*, 120 Ark., 616, 180 S. W. Rep., 216; *People* v. *City Bank of Rochester*, 96 N. Y., 32; *Montagu* v. *Pacific Bank*, 81 Fed. Rep., 602; *Moreland* v. *Brown*, 86 Fed. Rep., 257; *McLeod* v. *Evans, Assignee*, 66 Wis., 401, 28 N. W. Rep., 173; *Anderson* v. *Pacific Bank*, 112 Cal., 598, 44 Pac. Rep., 1063; *Ellicott* v. *Barnes*, 31 Kans., 170, 1 Pac. Rep., 767, and *Capital National Bank* v. *Colwater National Bank*, 49 Neb., 786, 69 N. W. Rep., 115.

The court, in the syllabus in the last-cited case, says:

"1. A fund which comes into the possession of a bank, with respect to which the bank has but a single duty to perform, and that is to deliver it to the party thereto entitled, is a trust fund and is therefore incapable of being commingled with the general assets of such bank subsequently transferred to its receiver.

"2. Under the circumstances above indicated the receiver of the bank is merely substituted as trustee, and its funds in his hands should be devoted to discharging such trust before distribution thereof is made to the general creditors of the bank."

The bank received this money for a specific purpose and could not under the conditions of the let-

ter of deposit use that money for any other purpose. Neither could Sears, Roebuck & Company draw this money except for the payment of this building material, after the same had been received and accepted by Stewart. The money received by the bank on Stewart's check was not received as a general deposit, but for a specific purpose, and the bank on receiving it became trustee and held the money in trust to be used for the purpose for which Stewart deposited it. The bank, on the receipt of the money represented by this check, mingled it with the other cash of the bank, and the plaintiff below cannot now recover the identical money or bills deposited, but this is not the real object of this action.

"The suit is not to recover a specific thing, such as particular pieces of money or bills, but a certain sum of money held in trust, and it is the identity of the fund, and not the identity of the money or currency, which is to be established." *Woodhouse* v. *Crandall, supra,* 111.

In *National Bank* v. *Connecticut Mut. Life Ins. Co.,* 104 U. S., 54, the supreme court of the United States, at page 67, quotes from the opinion of vice chancellor Sir W. Page Wood, in *Frith* v. *Cartland,* as follows:

"Vice Chancellor Sir W. Page Wood, in *Frith* v. *Cartland* (2 Hem. & M., 417, 420), said that *Pennell* v. *Deffell* rested upon and illustrated two established doctrines. One was that 'so long as the trust property can be traced and followed into other property into which it has been converted, that remains subject to the trust'; the second is, 'That if a man mixes trust funds with his own, the whole will be treated as the trust property, except so far as he may be able to distinguish what is his own.'"

Where one holding trust funds mingles it with his individual deposit and then draws money out of this deposit, the presumption is that he is drawing out his individual fund and not the trust fund. This continues as long as there is sufficient in the deposit to pay the trust fund.

"The presumption in such a case is, that the money drawn out by the depositor is his own, even if the trust money and his own are in one account, rather than that he had disregarded his trust and violated his duty." *Woodhouse* v. *Crandall, supra*, 113.

In *National Bank* v. *Insurance Company, supra*, at page 67, Mr. Justice Matthews quotes from *Pennell* v. *Deffell*, 4 DeG., M. & G., 372, 388, as follows:

"When a trustee pays trust money into a bank to his credit, the account being a simple account with himself, not marked or distinguished in any other manner, the debt thus constituted from the bank to him is one which, as long as it remains due, belongs specifically to the trust as much and as effectually as the money so paid would have done, had it specifically been placed by the trustee in a particular repository and so remained."

It appears from the facts in this case that sufficient cash remained in the bank to have paid this letter of deposit, from the time it was made until the bank was closed by the state banking authorities and a receiver appointed. "The receiver took the property of the bank which came into his hands for administration subject to all the legal and equitable claims" that existed against the bank at the time it was closed. (*Shopert* v. *Indiana National Bank, supra; Moreland* v. *Brown, supra; McLeod* v. *Evans, supra,* and *Ellicott* v. *Barnes, supra.*) We

think that the plaintiff below is entitled to have its claim allowed as a preferred claim and paid as such.

There is a further claim made by the plaintiff below that this bank was insolvent at the time this deposit was made and that the acceptance of the money as a deposit was a fraud upon Sears, Roebuck & Company, for which reason the company is entitled to a preference over the general creditors.

We have no doubt from the testimony that at the time this deposit was made this banking institution was insolvent, in the sense that it had more liabilities than it had assets. Its funds had been badly dissipated, but mere insolvency does not furnish a ground for a rescission of the contract of deposit and give such depositor preference over other depositors of an insolvent bank.

"Mere insolvency does not furnish a ground for a rescission of the transaction, but in order to prevent the title to the deposit vesting in the bank, fraud must be shown in its reception sufficient to entitle the depositor to repudiate the deposit and reclaim the same." *Orme* v. *Baker,* 74 Ohio St., 346.

We do not think that fraud in accepting the deposit is sufficiently shown to warrant the court in holding that the plaintiff below is entitled to have his claim preferred on that ground, but we think the judgment of the court below should be affirmed on the ground that the money was deposited for a specific purpose, and that the bank held the money received by this deposit in trust for that purpose.

*Judgment affirmed.*

FARR, P. J., and ROBERTS, J., concur.