## NORTON et al. v. MERCANTILE BANK & TRUST CO. OF TEXAS.

### No. 2689.

Court of Civil Appeals of Texas. El Paso.

June 23, 1932.

Rehearing Denied July 7, 1932.

McDonald & Floyd, of Fort Worth, for appellants.

Bartlett, Thornton & Montgomery, of Dallas, for appellee.

HIGGINS, J.

On and prior to November 1, 1929, the W. B. Foshay Company, of Minneapolis, Minn., carried a checking account in the Mercantile Bank & Trust Company of Texas, the appellee, whose bank is in Dallas. The appellant Laubenheim also carried a checking account in the same bank in the name of C. Paul Laubenheim, agent. In the latter part of October, 1929, the Foshay Company gave to the appellant Norton three checks drawn upon the appellee bank, payable to Norton's order, and totaling $7,780.41. Norton indorsed the checks and sent them to Laubenheim, who was to cash them and use a part of the proceeds in connection with a matter in which Laubenheim and Norton were both interested. Upon receipt of the checks, Laubenheim indorsed them and deposited them in his checking account in the Mercantile Bank. This was done shortly before noon on November 1, 1929. At the time the deposit was made, the teller at the Mercantile Bank issued to Laubenheim a duplicate deposit slip, and also made an entry in his passbook. The checks were later credited to Laubenheim's account on the books of the bank as is shown by copy of statement given by the bank to him. At the time the checks were deposited, the teller at the bank advised Laubenheim they were good. The amount of the checks was charged back to Laubenheim's account on the day following.

This suit was brought by Norton and Laubenheim against the bank to recover said sum of $7,780.41. The petition is predicated upon the theory that the deposit of the checks and crediting them to the Laubenheim account constituted payment of such checks. It was alleged Norton was the actual owner of the checks and entitled to the proceeds thereof and Laubenheim was holding same for the use and benefit of Norton. The prayer was

for recovery by Norton and in the alternative that Laubenheim recover in behalf of Norton. Defendants answered by demurrers, general denial, and special pleas in confession and avoidance.

The first of these defensive pleas need not be noticed, as no point with respect thereto is here made.

Briefly stated, the other defensive pleas are to the effect:

First. The checks were rightfully charged back because at the close of the day's business there were insufficient funds in the Foshay Company account to pay the same; that it had the right to so charge back the checks by virtue of the written provisions contained in Laubenheim's passbook and upon the deposit slip. These provisions will be shown later.

Second. That Foshay Company on and prior to November 1, 1929, was insolvent and upon that date it was placed in the hands of a receiver; that Foshay Company was heavily indebted to defendant and if, on November 1, 1929, it had a credit balance with defendant, it was charged with a lien in favor of defendant to secure said company's indebtedness to defendant and defendant had the right to offset such credit balance against said indebtedness.

At the conclusion of the plaintiff's evidence the defendant moved for an instructed verdict, which was granted.

■ Upon the undisputed facts, as stated above, the authorities hold that, in the absence of fraud or mutual mistake, the act of the appellee in issuing the deposit slip to Laubenheim and crediting the amount of the checks in his passbook constituted payment of such checks. The legal effect is the same as if the money had been paid in cash to Laubenheim and he had immediately redeposited the same. The transaction is treated as a closed one. This is especially true in view of the fact that at the time of the deposit Laubenheim was informed by the teller the checks were good.

The leading case to that effect is Oddie v. Bank, 45 N. Y. 735, 6 Am. Rep. 160, where it is said:

"The legal effect of the transaction was precisely the same as though the money had been first paid to the plaintiffs, and then deposited. When a check is presented to a bank for deposit, drawn directly upon itself, it is the same as though payment in any other form was demanded. It is the right of the bank to reject it, or to refuse to pay it, or to receive it conditionally, as in Pratt v. Foote (9 N. Y. 463), but if it accepts such a check and pays it, either by delivering the currency, or giving the party credit for it, the transaction is closed between the bank and such party, provided the paper is genuine.

"In the case of a deposit, the bank becomes at once the debtor of the depositor, and the title of the deposit passes to the bank. The bank always has the means of knowing the state of the account of the drawer, and if it elects to pay the paper, it voluntarily takes upon itself the risk of securing it out of the drawer's account or otherwise. If there has ever been any doubt upon this point, there should be none hereafter. A different principle would be applied to checks drawn upon other banks, or paper left for collection. In such cases the presumption of agency might arise."

In First Nat. Bank v. Burkhardt, 100 U. S. 686, 689, 25 L. Ed. 766, it was said:

"In Morse's well-considered work on Banking, p. 321, it is said: 'But if at the time the holder hands in the check he demands to have it placed to his credit, and is informed that it shall be done, or if he holds any other species of conversation which practically amounts to demanding and receiving a promise of a transfer of credit, as equivalent to an actual payment, the effect will be the same as if he had received his money in cash, and the bank's indebtedness to him for the amount will be equally fixed and irrevocable.'

"We regard this as a sound and accurate exposition of the law upon the subject, and it rests upon a solid basis of reason. The authority referred to sustains the text.

"When a check on itself is offered to a bank as a deposit, the bank has the option to accept or reject it, or to receive it upon such conditions as may be agreed upon. If it be rejected, there is no room for any doubt or question between the parties. If, on the other hand, the check is offered as a deposit and received as a deposit, there being no fraud and the check genuine, the parties are no less bound and concluded than in the former case. Neither can disavow or repudiate what has been done. The case is simply one of an executed contract. There are the requisite parties, the requisite consideration and the requisite concurrence and assent of the minds of those concerned. It was well said by an eminent Chief Justice: 'If there has ever been a doubt on this point, there should be none hereafter.' Oddie v. Bk., 45 N. Y. 735 [6 Am. Rep. 160]."

In Cohen v. Bank, 22 Ariz. 394, 198 P. 122, 124, 15 A. L. R. 701, the court said: "The law is firmly settled that where a check, drawn on a particular bank, is presented to that bank for general deposit, and the bank gives the depositor credit therefor, the relation between the bank and the depositor is that of debtor and creditor, since the giving of credit under such circumstances is practically and legally the same as if the bank had paid the money to the depositor and had received it again on deposit. The transaction is thus complete,

and cannot be rescinded except for fraud or in case of mutual mistake."

Other authorities, all to the same effect, are 3 R. C. L. 526; American Nat. Bank v. Miller, 229 U. S. 517, 33 S. Ct. 883, 57 L. Ed. 1310; National Exch. Bank v. Ginn & Co., 114 Md. 181, 78 A. 1026, 33 L. R. A. (N. S.) 963, Ann. Cas. 1914C, 508; Arkansas T. & B. Co. v. Bishop, 119 Ark. 373, 178 S. W. 422; First Nat. Bank v. Mammoth, etc., Co., 194 Ky. 580, 240 S. W. 78; City Nat. Bank v. Burns, 68 Ala. 267, 44 Am. Rep. 138; American Exchange Nat. Bank v. Gregg, 138 Ill. 596, 28 N. E. 839, 32 Am. St. Rep. 171.

Appellee, in this connection, cites House v. Kountze, 17 Tex. Civ. App. 402, 43 S. W. 561; National Bank of the Republic v. Millard, 10 Wall. 152, 19 L. Ed. 897; First Nat. Bank v. Whitman, 94 U. S. 343, 24 L. Ed. 229; Laclede Bank v. Schuler, 120 U. S. 511, 7 S. Ct. 644, 30 L. Ed. 704; Fourth St. Nat. Bank v. Yardley, 165 U. S. 634, 17 S. Ct. 439, 41 L. Ed. 855; St. Louis & S. F. Ry. Co. v. Johnston, 133 U. S. 566, 10 S. Ct. 390, 392, 33 L. Ed. 685.

These are cases involving the right of the holder of a check to compel the bank to pay the same, and have no application to the present facts. This distinguishing feature is noted by Chief Justice Fuller in St. Louis & S. F. Ry. Co. v. Johnston in this language: "This was not the deposit of a check on the Marine Bank itself. In such a case it was held in Oddie v. National City Bank, 45 N. Y. 735 [6 Am. Rep. 160], that the check, if received and credited, could not be charged back for want of funds. Nor was it a check on another bank, as to which Church, Ch. J., remarks, a different principle would be applied, as the presumption of agency might arise."

Other cases cited by appellee are equally inapplicable.

Among other provisions, the deposit slip contains the following: "Items drawn on this Bank not good at close of business day on which they have been deposited may be charged back to Depositor."

The passbook in which the credit was entered provides: "All items are credited subject to final payment in cash or solvent credits;" and "It may charge back any item at any time before final payment, whether returned or not, also any item drawn on this Bank not good at close of business on day deposited."

Because of these provisions, appellee asserts the plaintiffs failed to show a completed payment of the checks so as to entitle them to maintain suit against the bank for the amount thereof.

These provisions did not have such effect. They merely gave the bank the option to revoke the payment which it had made and charge the checks back against the Lauben-

heim account, if at the close of the business day on which they were deposited it was found the Foshay Company account was overdrawn and the checks not good. The bank at its option might have carried the overdraft.

The provisions in question and insufficiency of the Foshay account at the end of the day is affirmative defensive matter which it was necessary for the bank to plead and prove in confession and avoidance. It was so pleaded, but there is no evidence the Foshay account was insufficient to pay the checks at the close of business on November 1st.

■ It is also argued that, in order to show a completed payment, it was necessary to prove the amount of the checks was charged against the Foshay account upon the books of the bank. This was wholly unnecessary. Such an entry is merely the record upon the bank's books of a completed past transaction. A depositor has no control over the bank's books, and it is no concern of his if the bank fails to charge its other depositors with checks drawn against their accounts and paid by the bank. None of the cases attach any importance to such a showing, and it would be contrary to all reason to hold that it has any controlling effect upon the rights of a depositor such as Laubenheim was. In this connection, see City Nat. Bank v. Burns and American Exchange Nat. Bank v. Gregg, supra.

If the action was predicated upon the theory of money had and received, then it might be necessary to plead and prove that the checks had been charged against the Foshay account upon the books of the bank. See National Bank of the Republic v. Millard, supra.

Appellee also asserts that, in view of the quoted provisions of the deposit slip and passbook, the provisional acceptance of the checks was revoked, and they were properly charged back against Laubenheim's account because the bank had notice of the insolvency of the Foshay Company and appointment of a receiver before the close of the business day on November 1st.

■ There was no provisional acceptance of the checks. There was a completed payment subject to an optional right to charge the checks back upon a stated contingency which contingency is not shown to have existed. The right to charge back the checks against the Laubenheim account is by virtue of the contract between the parties as evidenced by the terms of the deposit slip and passbook. This contract does not authorize charging back upon insolvency of the drawer and receivership. No authority is cited by appellee in support of this theory, and we know of none.

The Laubenheim account was in the name of C. Paul Laubenheim, agent. It is further asserted the account was in truth a Foshay

Company account and appellee had the right to apply the same to the indebtedness of such company to appellee. The judgment cannot be sustained upon such a theory. There is no pleading to so support the same. There is no competent evidence that the Foshay Company was so indebted, though such fact may be surmised from the entire record. Nor does the evidence show that the Laubenheim account was in truth a Foshay Company account. This contention is founded upon some confusing statements in the testimony of Laubenheim from which such a status of the account might perhaps be inferred, but not necessarily so.

The record in this case made a prima facie case against the bank as for payment of the checks and subsequent refusal to pay, and the peremptory charge was improper.

Reversed and remanded.