CARRIE NEATHERY, APPELLANT, v. WELLS-HINE TRUST CO. ET AL., RESPONDENTS.—75 S. W. (2d) 83.

Kansas City Court of Appeals.   April 30, 1934.

*Omar E. Robinson* for appellant.

*Grover C. Sparks* for respondent.

CAMPBELL, C.—This appeal presents the single question, was plaintiff's cause of action barred by limitation under the provisions of Sections 5333-5337, Revised Statutes 1929? The trial court held that the action was barred by said sections, rendered judgment accordingly, and plaintiff has appealed.

In determining the cause we will accept as true the allegations of plaintiff's petition and of her reply. Plaintiff's pleaded case was that the defendant Wells-Hine Trust Company, to which we will refer as trust company, was, on April 20, 1929, and prior thereto, a corporation having its banking house in Savannah, Missouri; that on April 20, 1929, the trust company was the owner of five notes executed to it by John Speer and Hattie Speer under date of March 1, 1929; that four of said notes, each in the principal sum of $500, matured respectively March 1, 1930, 1931, 1932 and 1933; that the other note was in the principal sum of $4657.49, due March 1, 1934; that the payment of the notes was secured by a deed of trust which conveyed 130 acres of land in Holt county, Missouri, of the reasonable value "of not to exceed" $3900; that in virtue of the terms of the deed of trust each of the $500 notes was a lien on the land conveyed in the deed of trust superior to the lien of the note due March 1, 1934; that at a time not stated but while the trust company was carrying on its ordinary business, plaintiff purchased from it the note in the sum of $4657.49; that plaintiff was induced to purchase the note by the false and fraudulent representations of the officers of the trust company to the effect that said note was secured by a deed of trust which was a first lien upon land in Holt county of the reasonable value of $12,000. The sufficiency of the petition to allege fraud on the part of the trust company is not questioned, and we will therefore not further state its allegations in that respect. Plaintiff further alleged that the makers of the notes were insolvent; that she did not know of the fraud practised upon her by the trust company until in September, 1931. The prayer, so far as is necessary here to state, was to have the note which plaintiff bought adjudged to be a lien on the land conveyed in the deed of trust superior to the lien of three of the $500 notes which were owned by the trust company at the time it closed.

At the trial it was agreed that the commissioner of finance took charge of the property of the trust company on November 12, 1929; that he duly published notice to its creditors to present their claims on or before April 9, 1930; that plaintiff did not present her claim to the commissioner, and that this action was brought on September 20, 1932. The parties in interest agree that the "notes that matured first have a priority over the notes that matured later."

Lavinia E. Bowlin owned one of the $500 notes. She was made a party defendant but it is not claimed that her right in the note will be affected by this proceeding. The makers of the notes were also impleaded as defendants, but the cause was dismissed as to them.

The plaintiff contends that her action is in equity and that she was not required to file a claim with the commissioner of finance in charge of the trust company; that Sections 5333-5337, Revised Stat-

utes 1929, relate to the filing of claims by creditors of a failed bank and have no application to an action in which equitable relief is sought "and no money claim is asserted;" that the statute of limitation "did not commence to run against plaintiff's action until knowledge of the alleged fraud was discovered by her."

In our opinion the determination of this action is controlled by the ruling in the case of Commerce Trust Company v. Farmers Exchange Bank of Gallatin et al., 61 S. W. (2d) 928. In that case the plaintiff filed its claim with the commissioner of finance "approximately a month after the time required for the filing" thereof. The suit on the claim was not filed until two or three days after the time required by Section 5337. Upon considering the facts stated the Supreme Court in banc said:

"The statute relative to the department of finance and to banking institutions was designed to and does provide a *complete and exclusive* scheme for the liquidation of insolvent banks and the distribution of their assets." (Italics ours.)

After analyzing Sections 5333-5337, the court said:

"It seems to us clear that these statutory provisions contemplate and were intended to require the prompt presentation and disposition of all claims of whatever character against an insolvent bank, at least where, as in this and similar cases, the claim is not for possession of specific property but one in which the claimant seeks to recover and practically can only recover by an award to be paid out of the assets in the hands of the liquidating commissioner, including those to which the bank had title. Until all such claims are presented and determined the bank's assets cannot be properly distributed and its affairs wound up."

The contention that Sections 5333-5337 have no application for the reason that the action is in equity and no money judgment is sought, cannot be sustained. Section 5337 provides that "no action shall be maintained against a bank in liquidation while the commissioner is in charge of its affairs unless brought within the period of limitation specified therein, and that in *"all actions or proceedings"* instituted against a bank while the commissioner is in charge of its property the plaintiff must allege and prove that the "claim upon which the action is instituted" was duly filed, etc. The Commerce Trust Company Case, supra, was a proceeding in equity, and the court held that the statute controlled the remedy.

Plaintiff's action, strictly speaking, is not one in which preference is sought. But were we to sustain her contention we would deprive the common creditors of the trust company of the value of the three $500 notes and thus in result adjudge preference. And were the assets of the bank insufficient to pay in full all claims in which priority

in payment have been adjudged, we would in result award plaintiff a preference superior to such preferred claims.

Plaintiff argues that under the provisions of Section 862, Revised Statutes 1929, plaintiff's cause of action did not accrue until she discovered the fraud practised upon her. The statute has no application to the record in this case. By the express terms of Section 881, Revised Statutes 1929, the provisions of Section 862, supra, do not extend to this action for the reason that the limitation prescribed in Sections 5333-5337, supra, must control. [Clark v. Railroad, 219 Mo. 524, 531.]

Counsel for plaintiff cites many opinions which he claims support his contentions. However, the Commerce Trust Company case is the last previous ruling of the Supreme Court and it is controlling. If other cases cited support appellant's contention, then they are impliedly overruled in the Commerce Trust Company case. The judgment is affirmed. *Reynolds, C.,* concurs.

PER CURIAM:—The foregoing opinion of CAMPBELL, C., is adopted as the opinion of the court. The judgment is affirmed. All concur.