RICHARD I. OGAN, APPELLANT, v. FARMERS & MERCHANTS BANK OF CHILLICOTHE ET AL., RESPONDENTS.—90 S. W. (2d) 438.

Kansas City Court of Appeals. January 27, 1936.

12

*Paul D. Kitt, Rex H. Moore* and *Platt Hubbell* for appellant.

*Taylor & Taylor* for respondent.

REYNOLDS, C.—The plaintiff by his petition seeks a reclassification of a claim for $1832.18, and its allowance as preferred against the Farmers & Merchants Bank of Chillicothe, an insolvent banking institution in liquidation in the hands of the State finance department with O. H. Moberly, commissioner of finance, and G. E. Lancaster, deputy commissioner, in charge of its affairs, which claim had (in the course of the proceedings in liquidation of the affairs of said bank in the circuit court of Livingston county) been presented to the commissioner and allowed as a common claim and had been reported to the circuit court by him and had been approved by said court as a common claim.

The petition was filed in August, 1934, in the circuit court of Livingston county, entitled "In the Matter of the Farmers & Merchants Bank of Chillicothe, Missouri, in Liquidation. Suit for Preferential Allowance of Claim. Richard Irvin Ogan, Plaintiff vs. Farmers & Merchants Bank of Chillicothe, Missouri, in Liquidation; O. H. Moberly, Commissioner of Finance; G. E. Lancaster, Special Deputy Commissioner of Finance in Charge, Defendants."

The petition is as follows:

"(Suit for Reclassification of Claim and for Preferential Allowance of Claim.)

"For his ground of relief against the defendants, the plaintiff states the following facts:

"Defendant Farmers & Merchants Bank of Chillicothe, Missouri, at all times herein mentioned, was and now is a duly incorporated bank, and now is in liquidation at the hands of the Banking Department of the State of Missouri, of which O. H. Moberly is commissioner of finance, with G. E. Lancaster duly appointed special deputy commissioner of finance in charge of the liquidation of defendant bank.

"Plaintiff Richard Irvin Ogan became twenty-one years of age on December 27, A. D. 1931. Plaintiff's father was Dr. Emmett F. Ogan of Chula, Missouri, who departed this life about 1917, the plaintiff then being a minor of tender years.

"The plaintiff inherited a sum in excess of nineteen hundred ($1900.00) from the estate of his said father. One F. V. Ross was appointed guardian and curator of the estate of the plaintiff, and about nineteen hundred dollars ($1900.00) in money came into the hands of F. V. Ross as such guardian and curator of the plaintiff.

"Instead of investing said money or loaning it as is provided by R. S. 1929, Section 418, and instead of investing or loaning said money according to any other legal method, said F. V. Ross loaned the same on the security of a note and chattel mortgage on personal property.

"Afterwards, and in 1926, the judge of the Probate Court of Livingston County, Missouri, collected about eighteen hundred thirty-two dollars and eighteen cents ($1832.18) of said money which had been illegally loaned by said F. V. Ross, took said money to the officers of the Farmers & Merchants Bank of Chillicothe and explained all of the foregoing facts and circumstances to said officers of said bank, and made a special deposit of said money as a trust fund for the use and benefit of the plaintiff, fully informing said officers of all of the foregoing facts at the time of making such special deposit—that is, that said money belonged to a minor, Plaintiff Richard Irvin Ogan—that said money had been illegally loaned by said F. V. Ross, that he, the judge of the probate court, had collected said money, and that he, said judge, then and there was depositing the same for the use and benefit of said minor—that no one had a right to withdraw said money from such special deposit—that said money could be invested or loaned only in the manner provided by law—whereupon said officers of said bank took and accepted said sum of money as a special deposit and a trust fund for the use and benefit of said minor, the plaintiff here.

"Afterwards, and on October 12, A. D. 1931, while plaintiff was then a minor and under guardianship as previously stated, said bank closed its doors and was placed in the hands of the Banking Department of the State of Missouri and in charge of the commissioner of finance.

"Afterwards, and on the 2nd day of January, A. D. 1932, and within the time provided by law, the plaintiff by his agent, Floyd V. Ross, filed a claim for the amount of eighteen hundred thirty-two dollars and eighteen cents ($1832.18) being the amount of said special deposit and trust fund, which claim was filed by said agent as a general or common claim, which amount of said special deposit and trust fund was duly allowed and approved by W. G. Kent as special

14

deputy commissioner of finance on April 15, A. D. 1932, duly approved by the court, and duly listed and filed with other claims in the office of the recorder of deeds.

The true facts of said special deposit and trust fund were not made known to said special deputy commissioner and to the court, at the time of the transactions aforesaid.

"Said special deposit as a trust fund was made while the defendant bank was open and transacting business as such.

"The funds and resources of the defendant bank were increased and enhanced by the amount and to the extent of said special deposit so made for the plaintiff in 1926. The defendant bank became a trustee of the money of the plaintiff so deposited by said judge of the probate court.

"The title to said money did not pass to the defendant bank, but, the ownership thereof remained and still remains in the plaintiff, Richard Irvin Ogan. On October 12, A. D. 1931, the defendant bank ceased to function as a bank and passed into the hands of the banking department of the State of Missouri for liquidation, at which time and in which circumstances the defendant bank had cash in its till and in its vaults and in its physical possession, and in money deposited with solvent banks, being an amount of money largely in excess of said special deposit so made for the plaintiff, and, at which time said special deposit had not been withdrawn and which special deposit was in the possession of the defendant bank at the time it closed its doors and ceased to transact business.

"The defendant bank has been in the process of liquidation continuously since October 12, A. D. 1931. The special deposit so made for the plaintiff, as aforesaid, had not been withdrawn or paid to the plaintiff or to anyone for him prior to October 12, A. D. 1931, and said special deposit is still in the hands of the defendant bank and the liquidating agents thereof as a trust fund due the plaintiff.

"By the making of said special deposit in the circumstances aforesaid, the relation of debtor was not created and did not exist, but, the relation of trust and confidence was created and did exist, and said special deposit became a trust fund only and the plaintiff is entitled, by reason of said facts, to have said sum of said special deposit declared to be a trust fund and impressed on all the property of the defendant bank and entitled to have the preferential payment thereof over general creditors.

"Substantially all of the assets, property, and funds of the defendant bank are intact and are in possession of the codefendants of the defendant bank, being the previously named officers. O. H. Moberly, commissioner of finance, and G. E. Lancaster, special deputy commissioner of finance in charge, have sufficient funds on hand to pay the claim of the plaintiff in full, and have in their hands a large sum of money far in excess of the amount necessary to pay said trust

fund due the plaintiff, in cash, in lawful money of the United States, or the equivalent thereof, as and for the assets and property of the defendant bank in liquidation.

"Other creditors will suffer no disadvantage that they would not have suffered had the plaintiff asserted his right to priority when he first filed his claim for said special deposit as a general or common claim.

"Wherefore, the plaintiff prays the court that the defendant, Farmers & Merchants Bank of Chillicothe, be declared, adjudged and decreed to hold the amount of the plaintiff's said special deposit to the amount of eighteen hundred thirty-two dollars and eighteen cents ($1832.18) as a trust fund; and that said amount of eighteen hundred thirty-two dollars and eighteen cents ($1832.18) be declared to be a trust fund in the hands of the commissioner and special deputy commissioner of finance aforesaid; and that this plaintiff's claim for said sum and amount be allowed to the extent of eighteen hundred thirty-two dollars and eighteen cents ($1832.18) and that said claim for a preference and for a preferential allowance in the sum of eighteen hundred thirty-two dollars and eighteen cents ($1832.18) be allowed, adjudged and decreed to be a preferred claim and to be paid as a preferred claim before general creditors of the defendant bank are paid, and the plaintiff prays for such other judgments, orders, decrees and relief as the court may deem just and proper in the premises."

The defendants filed a demurrer to the petition which is as follows:

"1. Said petition fails to state facts sufficient to constitute a cause of action.

"2. On the face of said petition the plaintiff has no right to recover and no right to have the relief asked for.

"3. Because on the face of the petition the plaintiff and claimant has been guilty of such laches as to preclude plaintiff from preferential allowance.

"4. Because on the face of said petition the plaintiff's cause of action, if any he has ever had, has been and is completely barred by limitation.

"5. Because on the face of plaintiff's petition the plaintiff has been guilty of inexcusable and injurious delay not contemplated by the law relating to the liquidation of banks.

"6. Because on the face of said petition it appears that the plaintiff's claim for preference was filed at so late a date as to violate the statutes and Constitution of Missouri and the spirit of the law relating to the liquidation of banks.

"7. That on the face of the plaintiff's petition the plaintiff is estopped to assert a claim for preference and has no right to recover for that reason.

"8. Because on the face of plaintiff's petition the proceeding involved is a bank liquidation in this court under the law of the State of Missouri relating to the liquidation of banks; that the proceedings, judgments, orders and entries of the court made within the time and in the manner and at the time provided for in the statutes of Missouri constitute and are *res adjudicata* of the plaintiff's claim, and that upon the face of said petition the said claim of the plaintiff, if any, was and has been filed too late to be considered and on the face of said petition the plaintiff has no right to recover on same."

Upon consideration of such demurrer by the court, the same was sustained; and the plaintiff refused to plead further; and, thereupon, the court rendered final judgment on said demurrer in favor of the defendants as follows:

"Now on this 2nd day of May, A. D. 1935, come the plaintiff and the defendants, and the demurrer of defendants being duly presented and it being shown to the court and the court taking judicial notice of its own records, finds that a dividend of five per cent had been allowed, ordered, and declared on the 28th day of April, 1933, and, distributed prior to the filing of this suit, and the court having considered the allegations of the petition and the points raised by the demurrer herein, doth sustain said demurrer.

"The plaintiff refusing to plead further and standing on his petition, the court doth find that the plaintiff take nothing by his petition, and writ, and dismisses plaintiff's petition and orders and adjudges that the defendants go hence without day with a judgment against the plaintiff for the costs of this action.

"The court thereupon doth hereby render final judgment against the plaintiff for the costs of this action and doth hereby render a judgment of dismissal of plaintiff's petition and a dismissal of the suit of the plaintiff."

This appeal is prosecuted by plaintiff from such judgment.

### OPINION.

The plaintiff on this appeal assigns as error the action of the trial court in sustaining defendants' demurrer to his petition.

The trial court evidently proceeded on the theory that plaintiff's petition sufficiently, upon its face, states a good cause of action but that such cause of action is barred by reason of the petition not having been filed within the time limited by the provisions of Sections 5333 to 5340, inclusive, Revised Statutes, 1929, for the presentation of claims against the defendant insolvent bank and for the bringing of any action on any claim against such bank.

1. It is contended by the plaintiff that his petition proceeds in equity for the establishment of a trust against the defendant bank and its assets in the hands of the defendant commissioners and is therefore not subject to or affected by said sections of the statutes so

far as they provide for a period of limitations within which any claim against the defendant bank must be filed with the commissioner or within which any action may be brought against the defendant bank upon such claim. This contention seems to be based on the theory that the plaintiff is not a creditor of the defendant bank and that such sections of the statute insofar as they provide for one or more periods of limitations relate to creditors only.

Such contention seems to be ruled by what was said by the Supreme Court en banc in the case of Commerce Trust Company v. Farmers & Merchants Exchange Bank of Gallatin, 332 Mo. 979, 61 S. W. (2d) 928. It was there held that such sections not only provided periods of limitation but that such periods applied to claims of an equitable nature and to proceedings in equity as well as to claims of other natures, except that they did not apply to actions for the recovery of specific personal property. It is true that what was there said was in a case where the claim had not been filed with the commissioner within the time limited by said sections for the filing of claims with the commissioner but had been filed after such period of time so limited had elapsed; and it is true that the action brought upon the claim there in question was not filed within the time limited by said sections for the bringing of an action against the defendant bank upon claims against it, but was filed after such period of time had elapsed; but we are unable to see where the holding of the court as to the application of such statutes is to be in any manner impeached by reason of such facts. It was there contended that it was immaterial that said claim had been filed with the commissioner after the time provided by said sections for the filing of claims with him had elapsed and that said action therein had been instituted after the time provided by said sections for the institution of actions on claims against the defendant bank had elapsed, for the reason that plaintiff's claim therein was equitable in nature involving the existence of a trust and the action therefor was in equity for the establishment of the trust and its enforcement as a lien against the assets of defendant bank in the hands of the commissioner and that said statutes therefore had no application thereto but related only to the claims of creditors.

The court held that, nevertheless, such statutes and their provisions relating to limitations were applicable to plaintiff's claim as one in equity and to any claim by any person whatsoever of whatever character, except actions for the recovery of specific personal property. It was further held that the plaintiff's suit in that case for the establishment of a trust and for its charge against the assets of the defendant bank in the hands of the commissioner was not to be treated as one for the recovery of the specific money collected and retained by defendant bank, for the reason that such money so collected

18

had been intermingled with the other assets of the defendant bank and could not as such, in the nature of things, be specifically identified and separated from the other assets of the bank and specifically recovered in an action therefor and that the only remedy therefor open to plaintiff was a judgment charging the assets of the defendant bank in the hands of the commissioner with the amount of such money for which an action was required to be brought within the time limited by such sections for the bringing of any action against the defendant bank.

The plaintiff's contention herein in this regard must, in view of the holding in the Commerce Trust Company case, be denied.

2. The plaintiff next contends that the claim for which reclassification and preference are sought now was, in fact, duly filed with the commissioner within the time limited by the provisions of said sections for the filing of claims of such character and was by the commissioner allowed and approved as a common claim and certified to the circuit court wherein the proceedings in liquidation were being had and was approved by said court as a common claim; that such claim, having been thus timely filed and approved, is not barred; that it is, in the absence of laches, open to the plaintiff to assert this action for its reclassification as a preferred claim at any time within the bar of the general statute of limitations; and that there is no provision under said statutes limiting the time within which such action for preference must be brought.

This contention likewise seems to be ruled against the plaintiff by what was said by the Supreme Court in the case of Commerce Trust Company v. Farmers' Exchange Bank of Gallatin, supra. It was there clearly held that the statute relative to the department of finance and to banking institutions was designed to and does provide a complete and exclusive scheme for the liquidation of insolvent banks and the distribution of their assets; that such statutory provisions contemplate and were intended to require the prompt presentation and disposition of all claims of whatever character against an insolvent bank, on which the claimant seeks to recover and practically can recover only by an award to be paid out of the assets in the hands of the liquidating commissioner, including those to which the bank had title; that, until all such claims are presented and determined, the bank's assets cannot be properly distributed and its affairs wound up; that, by the provisions of the various sections of such statute, it is required that every claim of whatever character, unless it be a claim for the recovery of specific personal property, must be filed with the commissioner for approval or rejection within four months after a notice by him; that claims approved by him must be certified to the circuit court; that any action on claims filed with and not approved by him must be brought within six months

after the expiration of the time within which the commissioner is required to approve or reject claims; that no action can be maintained against the bank while the commissioner is in charge unless brought within such period; that, in all actions brought against the bank while the commissioner is in charge, it must be alleged and proved that the claim on which the action is based was duly filed with the commissioner; that the commissioner shall not determine priorities in approving or rejecting claims filed with him, but that all claims approved by him shall be presented to the circuit court pursuant to Section 5339 for determination as to their priority of payment; that the provisions requiring the commissioner to present approved claims to the circuit court for determination as to their priority of payment imply that all claims for which priority of payment is sought, over claims of general creditors, are to be presented to the commissioner.

Under the provisions of Section 5339, the court or the judge thereof in vacation is, upon certain contingencies where found to exist, authorized to declare an order of distribution of the assets of the bank in the hands of the commissioner and, upon such order, is required to specify what claims are entitled to priority and to direct the commissioner as to the manner of the payment of such prior claims. It follows as a necessary implication therefrom that all claims for preference or priority of payment must at such time be presented to the court for determination as to priority and such priority by the court determined or must have been so presented and determined prior thereto.

It would thus appear that claims of an equitable nature or for which preference is sought must, with other claims, be filed with the commissioner and presented by such commissioner to the circuit court for the determination of their preferential right and that all claims of whatever nature, other than claims for the recovery of specific personal property, are included in the claims required by Section 5333, Revised Statutes 1929, to be presented to the commissioner within four months from the date of notice by such commissioner that he has taken in charge the affairs of the insolvent bank for liquidation and is calling on the parties having such claims to present them and make proof thereof. While the commissioner cannot pass on the questions of priority and the claims must be presented to the circuit court for the determination of questions of priority, yet such claims for which priority is sought must be filed before the commissioner and the claims for priority thereon must be presented to the circuit court and determined by the circuit court before any order of distribution is made.

The contention of the plaintiff that there is no period of limitation provided by said sections within which the assertion of a claim or

preference must be made upon a claim which has been presented within the period required therefor and allowed as a common or general claim and that such claim for preference may be asserted at any time within the general statute of limitations seems fully answered by what is said in the case of Commerce Trust Company v. Farmers' Exchange Bank of Gallatin, supra. By the plain language of Section 5333, it is not only required that such claim for which priority is sought be presented to the commissioner within four months after notice, but that such claim be presented to the circuit court for determination by such court of its right to priority and such right be determined by the court at or prior to the time of the making of the order of distribution. If not presented to the commissioner within the four months' period, it is barred. If presented to the commissioner and rejected, an action thereon is required within six months after the time for the allowance or rejection of claims has elapsed; and, if not brought within such period, it cannot be maintained. If approved by the commissioner as a common claim, any claim for preference thereon must be presented to and determined by the court pursuant to the provisions of Section 5339; and that is prior to or at the time of making an order of distribution.

Although in this case the original claim for which preference is now sought was filed with the commissioner within the time required for filing claims, yet it was never presented to the circuit court for the determination of any right of priority thereon prior to or at the time of the making of an order of distribution. An order of distribution was made on April 28, 1933. The action in this case, by which preference is sought for such claim, was instituted in the circuit court during the month of August, 1934, over one year after the order of distribution was made. The claim for such preference is therefore untimely filed and, in our opinion, is barred by the provisions of said sections under the construction given thereto in the Commerce Trust Company case. To the same effect as the Commerce Trust Company case are the cases of Bowersock Mills & Power Company v. Citizens Trust Company of Gorin, 298 S. W. 1049, by the St. Louis Court of Appeals, and Neathery v. Wells-Hine Trust Co., 75 S. W. (2d) 83, by this court.

3. The plaintiff finally contends that, his cause of action having accrued during his minority, he has under the general statute of limitations three years after reaching his majority to assert it; that he reached his majority on December 27, 1931, and filed his petition herein within a period of three years after so reaching his majority; and that it is therefore not barred. Such contention cannot be sustained. The act creating the department of finance set up its own special statute of limitations for the presentation and allowance of claims against an insolvent bank in the hands of the finance com-

missioner for liquidation. The limitations so provided in such act must control. So far as our attention has been directed, the provisions of said act make no exceptions whatever in favor of minors. The general statute of limitations has no application. [Neathery v. Wells-Hine Trust Co., supra; Clark v. Kansas City, St. L. & C. R. Co., 219 Mo. 524, 118 S. W. 40.]

4. Many cases appear cited by plaintiff in his brief claimed to be in support of various contentions made by him. We have carefully examined all of the same. It is unnecessary here to discuss them further than to say that each and all of them are at least impliedly overruled insofar as they tend to support plaintiff's contentions to the effect that the act creating the finance department does not set up any limitations as to periods of time within which claims may be presented for allowance against an insolvent bank in liquidation in the hands of the finance commissioner or as to periods of time within which actions may be prosecuted on such claims or that the limitations therein set up, if any, have no application to claims of the character of that in suit by what was said by the Supreme Court in the Commerce Trust Company case. What was said in that case is not only sound but it is controlling, for the reason that it is the last opinion of the Supreme Court with reference to such questions.

Whether such act does provide a period of limitations within which all claims may be presented and determined and all actions thereon brought and whether plaintiff's action is barred in this case by one or more of the various sections of such act are, upon the record, the controlling and only questions raised by the action of the trial court in sustaining defendants' demurrer to plaintiff's petition. By its action on the demurrer, the trial court held that such act did set up limitations as to periods of time within which claims might be presented for allowance against insolvent banks in liquidation and that plaintiff's action in this case was barred thereby. The demurrer was rightly ruled by it.

It follows that the judgment of the trial court should be affirmed. It is accordingly ordered that such judgment be affirmed. *Campbell, C.,* concurs.

PER CURIAM:—The foregoing opinion of REYNOLDS, C., is adopted as the opinion of the court. The judgment is affirmed. All concur.