[L. A. No. 15902. In Bank.—June 23, 1937.]

VIRGINIA BURKET et al., Respondents, v. BANK OF HOLLYWOOD (a State Banking Corporation in Process of Liquidation) et al., Appellants.

Clock, McWhinney & Clock and Merritt D. Jergins for Appellants.

West & McKinney and George H. Tobias for Respondents.

EDMONDS, J.—At the time the Bank of Hollywood was taken over by the superintendent of banks, it held certain money on deposit in an escrow account. The question upon this appeal is whether the respondents are entitled to pay-

ment of the money in full and in preference to the claims of the general creditors of the bank.

The escrow deposit was received by the bank in a transaction with F. O. Burket, Sr. He died shortly thereafter. The bank issued checks against the deposit made payable to Mr. Burket, Sr., and these came into the possession of respondent Virginia Burket, his widow, as the executrix of his estate. She filed claims for the amount of the checks and the balance of the escrow account remaining after their deduction. These were approved and allowed as general claims. In 1935, four years after the filing of the claims and after certain liquidating dividends had been paid thereon, the respondents, to whom Mr. Burket's estate had been distributed, delivered amended claims to the appellants. In the amended claims the respondents set forth more fully the facts surrounding the transaction between Mr. Burket, Sr., and the bank and demanded payment of the account in full and in preference to the claims of the general creditors. The superintendent of banks refused to allow the amended claims. In the action subsequently brought, the trial court rendered judgment that the respondents are entitled to a preference in the assets of the bank.

The question at issue is one of law only. The appellants admit that prior to the failure of the bank it had entered into an agreement to receive certain money in escrow and pay it out to the persons entitled thereto. It is also admitted that at the time the bank closed the money then on deposit in the escrow account belonged to the estate of F. O. Burket, Sr., deceased.

The respondent executrix within the time fixed by the bank act therefor (Deering's Gen. Laws, vol. 1, p. 215) presented four claims to the superintendent of banks, one for each of the three checks which had been issued against the escrow account and one for the balance of the account, all on printed forms furnished by the superintendent of banks. Each of the claims based upon a check recited as a statement of the claim that it was for ''Escrow check . . . made payable to F. O. Burket, Sr., signed by Bank of Hollywood, W. T. Tickle, escrow officer''. The original check on which the claim was based was attached in each instance. Each of these checks has on its face the notation ''Escrow No. 937'' and also ''Charge to Escrow Account''. The claim for the

balance of the deposit recites as a statement of the claim "Balance due within named claimant from funds in Escrow 937".

The appellants' principal contention is that the respondents' right to a preference became barred when it was not asserted within the time fixed by the bank act for the filing of claims, and as respondents knew, or should have known, the nature of the escrow deposit at the time the original claims were presented, their laches bars recovery. However, the bank act makes no provision for the filing of preferred claims. The only requirement is that the claims must be in writing, verified and presented within four months after the first publication of the notice to creditors.

The claims made by the executrix were in proper form and were filed within the time fixed by the statute. The statements made in each of them concerning the basis of the demand were sufficient to show that the money claimed to be due was held in an escrow account. The failure of the claimant to specifically state that she demanded a preference cannot bar her recovery if the facts as stated by her entitle the claims to payment before those of general creditors. The claimant made no effort to conceal any facts concerning her right to the money held by the bank and she was justified in assuming that the data she submitted would be considered in connection with the record of the transactions on the books of the bank.

These records clearly show that the money on deposit in the escrow account at the time the bank closed its doors was no part of the general assets, but had been entrusted to it for distribution in accordance with an escrow agreement. Under such circumstances it was a special deposit, title to which did not pass to the bank. (*Anderson* v. *Pacific Bank*, 112 Cal. 598 [44 Pac. 1063, 53 Am. St. Rep. 228, 32 L. R. A. 479]; *Bank of America Nat. T. & S. Assn.* v. *California Sav. & Com. Bank*, 218 Cal. 261 [22 Pac. (2d) 704]; 1 Morse on Banks and Banking, 6th ed., sec. 185.) Being a special deposit, the owners are entitled to it in preference to the bank's general creditors and the original claims filed with the superintendent of banks are a sufficient basis for recovery. The effect of the respondents' attempt to amend the claims is therefore immaterial.

The appellants also complain that the delay of the respondents in demanding a preference and their acceptance of liquidating dividends has prejudiced the superintendent of banks and has led others to change their position so as to estop the respondents from asserting the preference. The trial court held adversely to this contention. It found that the superintendent of banks has not been injured and that the general creditors have not lost any rights or been placed at any disadvantage by the acts of the respondents. It also found that the respondents have not been guilty of laches and that the bank's assets exceed the amount of the respondents' claim. There is ample evidence to support these findings and they are conclusive upon this appeal.

The judgment is affirmed.

Curtis, J., Langdon, J., Shenk, J., and Seawell, J., concurred.