[Civ. No. 6047.  Third Appellate District.—May 24, 1938.]

In the Matter of the FIRST EXCHANGE STATE BANK (a Banking Corporation) in Liquidation.  HENRY J. BORK et al., Respondents, v. FRIEND W. RICHARDSON, Superintendent of Banks, etc., Appellant.

Clock, McWhinney & Clock, Henry H. Clock and Merritt D. Jergins for Appellant.

Henry H. Childress and Lazare F. Bernhard for Respondents.

PULLEN, P. J.—This is an appeal from an order establishing certain claims as preferred, and directing the superintendent of banks in charge of liquidation to pay the same as such. The First Exchange State Bank hereinbefore referred to as the bank, was closed for liquidation by the superintendent of banks on January 14, 1932, pursuant to the provisions of section 136 of the Bank Act. (Deering's Gen. Laws, Act 652.) On July 19, 1934, Friend W. Richardson succeeded the prior superintendent of banks, and thereafter became and ever since has been superintendent of banks of the state of California.

We are here concerned with nine claims, seven being filed by the Bank of America National Trust and Savings Association, one by Henry J. Bork, and one by Miss Louie E. Raymond. The petitions on these claims were consolidated for hearing.

Appellant makes some point of the fact that in the proof of claim filed by Bork no preference was asserted on his behalf until in May, 1935, at which time respondent filed his petition and order to show cause directing payment of his claim as preferred. The claims of the Bank of America were asserted as a preference at the time they were filed, as was likewise the claim of Miss Louie Raymond. In view of the principle enunciated in the case of *Burket* v. *Bank of Hollywood,* 9 Cal. (2d) 113 [69 Pac. (2d) 421], which we will later refer to, it is immaterial whether the claims were originally filed as preferred or general claims.

It is contended by respondents that all of the deposits in the possession of the bank at the time of the closing of its doors belonging to these petitioners herein were held for the benefit of petitioners, and as such constitute trust funds.

In November, 1932, November, 1933, and in October, 1934, in proceedings relating to matters in liquidation of the bank, payments of dividends were authorized by the superintendent of banks in the amounts of 10 per cent, 20 per cent and 10 per cent, respectively, on claims of all general creditors, including petitioners. In 1936 petitioners applied to the court for an order establishing their claims as preferred.

It is the contention of appellant herein that claimants were barred after a delay in amending their claims to have the same given preference and priority over general creditors of approximately three and one-half years, where dividends

have been paid and there will not be sufficient funds to pay all creditors in full, asserting that such procedure was barred by section 136 of the Bank Act as amended in 1935, and that such delay had prejudiced the superintendent of banks in charge of liquidation so as to bar recovery, and that petitioners were guilty of laches and inexcusable neglect.

The pertinent provisions of section 136 of the Bank Act provide that all claims against a bank in liquidation must be presented to the superintendent of banks in writing within four months after the first publication of notice to creditors, and that if the superintendent of banks doubts the justice and validity of any claim, he may reject the same and serve notice of such rejection upon the claimant either by mail or personally. The affidavit of service of such notice shall constitute *prima facie* evidence of that fact. Any action upon a claim so rejected must be brought within six months after such notice.

The bank in support of its contention that claimants cannot delay amending their claims and have the same declared a priority, cites the case of *Ogan* v. *Farmers & Merchants Bank, etc.,* 231 Mo. App. 11 [90 S. W. (2d) 438]. An examination of the Missouri statute, however, discloses that the bank commissioner of Missouri was required within twenty days after expiration of the time to file claims, to approve or reject each claim, and endorse his approval or rejection thereon. The statute, after requiring the commissioner to so approve or reject all claims, specifically precluded him from determining priorities, and required the commissioner to present all claims in which priority was demanded to the circuit court, and expressly required the court to determine the priority of each claim. These particular provisions, the court said by implication, compelled the presentation of priority demands in the first instance to the commissioner, and a determination by the court of each claim before any order of distribution could be made. The Missouri statute provides that the commissioner shall approve or reject the claims (sec. 5336, Mo. St. Ann.), and that where he has failed to approve a claim, action thereon may be commenced within six months after the time within which the commissioner is required to approve or reject the claim has expired. Apparently no service of notice of rejection is required by the statute.

In the California statute there is no language specifically providing that the superintendent shall approve or reject claims or requiring him to submit priority demands as such to the court, nor is the court required to adjudicate rights to preference before any order of distribution is made. Under our statute the superintendent is not required to approve any claim, but if he chooses to reject a demand presented to him, the claimant has six months from and after notice of rejection within which to institute proceedings to establish the claim. Here it does not appear that any notice of rejection was ever served upon any of these claimants.

Under section 136 of the California Bank Act provision is made that claims against a closed bank shall be filed with the superintendent, and upon the expiration of the time within which claims may be filed, the superintendent shall file with the court a full list of all claims presented, including such as have been rejected by him, and the court may then authorize a declaration of dividends, the same to be paid to such persons and in such amounts as may be directed by the court.

From these provisions it is clear that the power is vested in the court to determine what amount shall be paid to each claimant. Payments need not be made in accordance with the demands expressed in the claims filed with the superintendent nor with the action of the superintendent in rejecting or approving the same. The court, in determining the amount to be paid each claimant, must of necessity determine the priority of each claim. The responsibility is placed upon the court and not upon the superintendent of banks for the proper application of the net proceeds in liquidation.

Respondent also urges that the delay of over three years in the amending of petitioners' claims had prejudiced the superintendent in effecting recoveries, also that petitioners are guilty of laches precluding them from preferential allowance.

In *Hammons* v. *National Surety Co.*, 36 Ariz. 459 [287 Pac. 292], it was said in a similar situation:

"The creditors have received that to which they were not entitled, and that which belonged to appellant. If restitution be made out of the assets still remaining the creditors will receive no less than that to which they were originally

entitled, and the appellant will receive only that which is its due."

In the case of *Burket* v. *Bank of Hollywood, supra,* the question of laches and also the question of estoppel was considered and determined adversely to the contention of appellant here. In fact that case, in our opinion, determines the principal questions here raised. There the superintendent of banks had taken over the Bank of Hollywood for liquidation. The question presented was whether Burket was entitled to payment of his claims in full and in preference to the claims of the general creditors of the bank. The claims were filed and allowed as general claims. Some four years after the filing of the general claims and after liquidating dividends had been paid, Burket delivered to the bank amended claims, claiming preference over general creditors. The superintendent of banks refused to allow the amended claims. In an action brought thereon the trial court rendered judgment that the claimant was entitled to a preference, which judgment was affirmed by the Supreme Court. In its opinion the court held that the failure of the claimant to state specifically that a preference was demanded did not bar recovery, if the facts entitled the claim to payment before general creditors. The court also held that the delay in payment and preference had not prejudiced the superintendent of banks nor did it estop respondents from asserting a preference, saying the superintendent of banks had not been injured and the general creditors had lost no rights nor suffered any disadvantage by the acts of respondents.

The findings of the trial court here are adverse to the contentions of the bank, but are amply supported by the record.

The judgment and order appealed from must be affirmed, and it is so ordered.

Thompson, J., concurred.